[No. 4919-1. Division One. December 5, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. JOHN S. ALLMAN, *Appellant.*

*Smith, Kaplan, Withey, Ford & Theiler, Walter Sowa,* and *Timothy K. Ford,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Patrick Sainsbury, Deputy,* for respondent.

FARRIS, C.J.—John S. Allman was convicted of robbery, assault in the second degree, and burglary in the second degree. He appeals from the judgment entered on the verdict and from the denial of his motion for a new trial. Two issues are raised: whether the trial court erred (1) in admitting an array of photographs into evidence and (2) in permitting a jury of less than 12 to be empaneled without Allman's written consent.

The victims, husband and wife, described the person who committed the crime as being "28 to 30 years old, approximately five–eleven, heavy set, not noticeably fat, . . . clean shaven, . . . [with] a blond crewcut hair style." On the basis of this description and the description and license plate number of the vehicle used by the perpetrator, the police were able to focus on a suspect. A police detective assembled an array of seven photographs and presented it to both the husband and the wife, separately, after telling the husband that he had reason to believe that

he knew the identity of the perpetrator. Each, without an opportunity to communicate with the other, pointed to Allman's photograph although he was depicted with a light moustache and beard. This was admitted into evidence without objection from defense counsel. Only when the prosecution sought to introduce the photographic array itself as exhibit 8 did the defense object:

MR. ALFIERI: Your Honor, I am objecting to Exhibit No. 8. When you see the makeup of this exhibit, I don't think it was a fair exhibit to bring to a witness in order to make an identification in this particular case. The officer testified that the description was clean shaven.

THE COURT: Well, Mr. Alfieri, I would agree. However, there has been so much discussion about the exhibit that I think you had better let this in and argue it to the jury.

MR. ALFIERI: Well, that is well and true, Your Honor.

THE COURT: It's been discussed by everybody, and I think you have some good points to argue, but I think just excluding the exhibit is going to make the jury wonder even more why it's excluded.

MR. ALFIERI: You are probably right. Okay. I will discuss it in final argument.

THE COURT: All right. Exhibit 8 will be admitted.

Allman withdrew his objection and, thus, did not preserve the question for review, *see Wood v. Morris,* 87 Wn.2d 501, 554 P.2d 1032 (1976), but in any event the objection should have been overruled. The fact that Allman's photograph in exhibit 8 did not precisely match the victims' description of his appearance at the time the crime was committed works to Allman's advantage, not to his prejudice.

■ On appeal Allman argues that the photographic identification of him was "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification", *Simmons v. United States,* 390 U.S. 377, 384, 19 L. Ed. 2d 1247, 88 S. Ct. 967 (1968), and, therefore, the photographic array should not have been admitted into evidence. The proper time to raise the issue of the propriety of the identification procedure is before trial, not after. Neither Allman's pretrial motion to suppress nor his

motion for a new trial made any mention of the identification procedure. Three witnesses testified at trial that Allman was positively identified from the photographic array; no objection was made to this testimony. Allman cannot remain silent and gamble on a favorable verdict and then, when the verdict is adverse, claim error. Failure to apprise the trial court of the alleged error and to afford it an opportunity to correct the error constitutes a waiver of the right to assert that error on appeal. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969).

While we need not reach the question of whether the photographic identification procedure was impermissibly suggestive, since this issue was not properly presented to the trial court, *State v. Van Auken, supra,* we have examined the photographs and reviewed the record as to police conduct at the time of the showing of these photographs. Neither the selection of photographs nor the comment by the police detective before showing them, in which he indicated that he had a suspect, placed any emphasis on Allman. There is no indication of impermissible suggestiveness in the identification procedure which would justify our usurping the normal jury function of determining the reliability of identification evidence. *State v. Nettles,* 81 Wn.2d 205, 500 P.2d 752 (1972); *State v. Cantrell,* 81 Wn.2d 213, 500 P.2d 777 (1972).

A 6–person jury was requested in the omnibus application of defendant signed by defense counsel. After that jury convicted Allman, he obtained new counsel and moved for a new trial on the grounds that his right to a jury trial had been denied. He asserts that there is a constitutional right to be tried by a jury of 12 in criminal cases which may not be waived except by a signed writing of the defendant. We disagree.

A Florida statute providing for 6–person juries in certain noncapital cases was upheld by the United States Supreme Court in *Williams v. Florida,* 399 U.S. 78, 86, 26 L. Ed. 2d 446, 90 S. Ct. 1893 (1970):

The question in this case then is whether the constitutional guarantee of a trial by "jury" necessarily requires trial by exactly 12 persons, rather than some lesser number—in this case six. We hold that the 12–man panel is not a necessary ingredient of "trial by jury," and that respondent's refusal to impanel more than the six members provided for by Florida law did not violate petitioner's Sixth Amendment rights as applied to the States through the Fourteenth.

■ The *Williams* holding leaves to the states the power to determine under what conditions a jury of less than 12 may be empaneled. The Washington Supreme Court adopted CrR 6.1, which provides in relevant part:

(a) **Trial By Jury.** Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court.

(b) **Jury of Less Than Twelve.**

(1) If prior to trial on a noncapital case, all defendants so elect, the case shall be tried by a jury of six, or by the court.

(2) If a juror is unable to continue and if no alternate jurors have been selected or if none is available, all defendants may elect to continue with the remaining jurors; otherwise a mistrial may be granted on motion of any defendant.

There is no requirement that the decision to be tried by a jury of six be in writing. Such an election is not a waiver of a jury trial. *Williams v. Florida, supra.*

Whatever the reason, provided he acts intelligently, voluntarily, free from improper influences (as did these accused, who had the advice of counsel), and there being no legislative policy or constitutional mandate prohibiting it, we conclude that an accused can waive his privilege of trial by a jury of twelve and submit his cause to eleven jurors as did these defendants.

*State v. Lane,* 40 Wn.2d 734, 737, 246 P.2d 474 (1952). The record shows that Allman chose a 6–person jury after having discussed the matter with his attorney. There is no evidence that his choice was other than knowingly and voluntarily made.

174

Affirmed.

JAMES and WILLIAMS, JJ., concur.

Petition for rehearing denied February 16, 1978.

Review denied by Supreme Court June 16, 1978.