[No. 60614-5.   En Banc.   September 29, 1994.]

THE STATE OF WASHINGTON, *Respondent* v. JAMES WILLIAM STEGALL, *Defendant*, CARL DAVID HANSEN, *Petitioner*.

*In the Matter of the Personal Restraint of*
CARL DAVID HANSEN, *Petitioner*.

*Carney Badley Smith & Spellman,* by *James E. Lobsenz,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman, Deputy,* for respondent.

MADSEN, J. — A 10-member jury convicted Carl David Hansen of two counts involving the possession of cocaine. The Court of Appeals affirmed the convictions. Hansen obtained review in this court, limited to the issue of whether Hansen validly waived his right to be tried by 12 jurors.

## FACTS

A police informant met with Defendants Carl David Hansen and James William Stegall and proposed selling them 1 kilogram of cocaine. All three individuals discussed terms of the proposed sale. Stegall subsequently purchased the cocaine from the informant. The police arrested Stegall on the spot and shortly thereafter arrested Hansen in a nearby parking lot. The police arresting Hansen found cocaine in Hansen's car.

Hansen was charged by amended information with two counts of possessing cocaine with intent to manufacture or deliver. The first count charged Hansen as an accomplice in Stegall's purchase of cocaine; the second count related separately to the cocaine found in Hansen's car.

Hansen was tried separately from Stegall. During a pretrial hearing the trial judge suggested to the attorneys that they might want to select a 13th juror as an alternate. The

defense attorney, in the presence of the Defendant, indicated that this would not be necessary:

> [W]e will waive the problem on losing the one [juror]. I don't think it is neecessary to have thirteen. If we start with twelve and we have one that is sick and can not participate. We will waive that problem and go with eleven.

Verbatim Report of Proceedings (Mar. 22, 1991), at 9-10.

Three days later jury selection began. At some point during the afternoon session, counsel had a mishap with the zipper of his trousers. The following portion of the record illuminates the role that counsel's broken zipper played in the waiver of Hansen's right to a 12-person jury.

> THE COURT: Madam Clerk, if you would call 13 jurors, please.
>
> [DEFENSE COUNSEL]: Your Honor, since part of the problem on a trial like this is selecting the jury, we had agreed we would have 12 and if one dropped out we would be bound by the 11.
>
> THE COURT: Tradition is sometimes hard to break. Twelve jurors, please.
>
> (Whereupon, a jury was impanelled.)
>
> [DEFENSE COUNSEL]: Your Honor, I hate to say this Your Honor, but I have kind of a problem in continuing in this case. It's personally embarrassing. My zipper has broken on my fly. I had some difficulties after lunch. I was able to get it closed and now I found that it's undone from the bottom up. It's rather embarrassing. I have been unable to stand up.
>
> THE COURT: You can use the podium.
>
> [DEFENSE COUNSEL]: I was wondering if we can finish doing the juror and maybe we can have the prosecutor do his opening statement and we could be dismissed and come back in the morning.

Verbatim Report of Proceedings (Mar. 25, 1991), at 2-3.

When the prosecutor objected to any delay in the trial, the trial judge decided to proceed with questioning a juror who had requested removal from the case. Defense counsel then indicated he was willing to proceed with 11 jurors, or even with 10 if need be:

> [DEFENSE COUNSEL]: Your Honor, my client would have no objection of doing it with an eleven-person jury. If you would dismiss him, I don't want to go through the whole mess of another juror. I do feel uncomfortable if the juror himself or herself expressed the idea they would not like to be on specifically a four-day case.

So we would have no objection to proceeding at this point with a[n] eleven-person jury with the same provision; if another one gets sick, we'll go with ten, if that's all right with counsel.

Verbatim Report of Proceedings (Mar. 25, 1991), at 3-4.

The trial court and counsel then proceeded to examine the juror in question. The trial judge excused the juror. The following colloquy immediately ensued:

[PROSECUTOR]: Your Honor, [excusing the juror] that is still subject to the stipulation of counsel that he's willing to go forward in this case with 11 jurors?

[DEFENSE COUNSEL]: Yes, Your Honor, that still is. I know we don't want to be in a mess where we have to keep selecting jurors and jurors and jurors. Eleven would be sufficient.

Verbatim Report of Proceedings (Mar. 25, 1991), at 9.

The next day one of the remaining jurors called in sick. The trial judge noted this reduced the number of jurors to 10 and asked defense counsel if he still wanted to proceed. Defense counsel responded, "I am all right with ten". Verbatim Report of Proceedings (Mar. 26, 1991), at 5. After some unrelated colloquy with counsel, each party gave an opening statement and the testimony began.

The jury convicted Hansen on count 1 as charged. On count 2 the jury convicted Hansen of a lesser included offense, simple possession of cocaine. Hansen was sentenced to 34 months' imprisonment.

Hansen appealed his conviction to the Court of Appeals. He argued, among other issues, that his attorney's stipulations to proceed with fewer than 12 jurors did not constitute a knowing, intelligent, and voluntary waiver of his right to a 12-person jury. Hansen also filed a separate personal restraint petition to supplement the trial record with Hansen's own declaration as to the 12-juror waiver. In that declaration, Hansen stated: (1) his trial attorney never consulted with him before making these stipulations; (2) his trial attorney never informed him of the significance of having 12 jurors hear his case, especially as it relates to the requirement that jury verdicts be unanimous; and (3) if he had received this information, he would not have consented to proceedings with 10 or 11 jurors.

The Court of Appeals affirmed Hansen's conviction in *State v. Stegall*, 69 Wn. App. 750, 850 P.2d 571 (1993). The Court of Appeals held that defense counsel's stipulations, made in Hansen's presence, constituted a valid waiver of his right to be tried by a full jury.

Hansen filed a Petition for Review in this court on two issues: the omission of an entrapment instruction and the waiver of the 12-member jury. This court granted review only as to the jury issue.

ANALYSIS

A criminal defendant in superior court has a right to be tried by 12 jurors. Const. art. 1, § 21; CrR 6.1(b); *State v. Lane*, 40 Wn.2d 734, 736-37, 246 P.2d 474 (1952). This right, however, may be waived by the defendant in noncapital cases, so that a trial may be held with as few as six jurors. *See* CrR 6.1(b); *Lane*, at 736-37.

The state constitution further provides that:

The right of trial by jury shall remain inviolate, but the legislature may provide for a jury of any number less than twelve in courts not of record, and for a verdict by nine or more jurors in civil cases in any court of record, and for waiving of the jury in civil cases where the consent of the parties interested is given thereto.

Const. art. 1, § 21.

Two Washington cases have addressed a defendant's right to have 12 jurors in a felony trial under Const. art. 1, § 21 and waiver of this right. The first, *State v. Ellis*, 22 Wash. 129, 60 P. 136 (1900), involved a criminal trial where defendants, defense counsel, and prosecution signed a written statement waiving a 12-person jury and agreeing to proceed with 11 jurors. On appeal, this court held that article 1, section 21 of the state constitution contains within it the right not only to have a jury trial, but also the right for the jury to have 12 members. *Ellis*, at 132. The court further held that a criminal trial held with fewer than 12 jurors, absent some specific legislative authorization, would be invalid as the tribunal lacked jurisdiction. *Ellis*, at 133-34.

Under this early ruling, then, a felony trial could not be held with 11 or fewer jurors, regardless of the defendant's wishes.

In *Lane*, this court affirmed *Ellis'* holding that Const. art. 1, § 21 guaranteed to a felony defendant the right to be tried by 12 jurors.[1] The court went on to hold, however, that this right could be waived by the defendant, stating that "[t]he obligation of the state is to assure a trial by a jury of twelve in a criminal case, and not to insist that an accused, against his expressed desire, submit his cause to such a jury . . .". *Lane* at 737. The court concluded that the trial court would still retain jurisdiction even if fewer than 12 jurors decided the case (thereby overruling *Ellis* in part on this point). *Lane*, at 738.

The issue presented in this case is whether a valid waiver of the right to a jury of 12 requires a personal expression of waiver by the defendant. Petitioner Hansen argues that a waiver of this constitutional right should not be found unless the record shows the defendant has personally agreed to such waiver after being specifically informed both of the right to 12 jurors and the consequences of such a waiver. We agree with Hansen that a waiver of this right is valid only when the record reflects some personal expression of waiver by the defendant. However, we reject the assertion that an explanation of the consequences of this waiver must likewise appear in the record.

I

In general, constitutional rights may only be waived by knowing, intelligent, and voluntary acts. *See, e.g.,*

---

[1]In contrast, the corresponding federal provision is silent on the number of jurors required to satisfy the Sixth Amendment right to trial by jury. The Supreme Court has found that a 12-person jury is "unnecessary to effect the purposes of the jury system". *Williams v. Florida*, 399 U.S. 78, 102, 26 L. Ed. 2d 446, 90 S. Ct. 1893 (1970). In that case the Court upheld a Florida statute providing for a 6-person jury in certain felony cases. The opinion traced the history of the 12-person jury and concluded that although accepted as common law, there was no evidence that the framers intended to incorporate that number into the Sixth Amendment right to a jury trial. *Williams v. Florida, supra* at 99. The Court, therefore, concluded that the Sixth Amendment guaranty, as applied to the states through the Fourteenth Amendment, does not require a 12-person panel. *Williams v. Florida, supra* at 100.

*Bellevue v. Acrey*, 103 Wn.2d 203, 208-09, 691 P.2d 957 (1984); *In re James*, 96 Wn.2d 847, 851, 640 P.2d 18 (1982) (and cases cited therein). This court has held, with respect to a 12-person jury, that the right can be waived as long as the defendant "acts intelligently, voluntarily, [and] free from improper influences . . .". *Lane*, at 737.[2]

▮ The validity of any waiver of a constitutional right, as well as the inquiry required by the court to establish waiver, will depend on the circumstances of each case, including the defendant's experience and capabilities. *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 58 S. Ct. 1019, 146 A.L.R. 357 (1938). Moreover, the inquiry by the court will differ depending on the nature of the constitutional right at issue. For example, when a defendant wishes to waive the right to counsel, and proceed pro se, the trial court must usually undertake a full colloquy with the defendant, on the record, to establish the defendant knew the relative advantages and disadvantages of proceeding pro se. *See Acrey*, at 211 ("only rarely" will the record contain sufficient information to support a waiver of the right to counsel in the absence of a colloquy with the defendant). A guilty plea, which involves waiving numerous trial rights, is valid only if the record shows not only a voluntary and intelligent waiver, but also an understanding of the waiver's direct consequences. *State v. Smissaert*, 103 Wn.2d 636, 643, 694 P.2d 654 (1985).

By contrast, no such colloquy or on-the-record advice as to the consequences of a waiver is required for waiver of a jury trial; all that is required is a personal expression of waiver from the defendant. *Acrey*, at 207-08; *State v. Wicke*, 91 Wn.2d 638, 591 P.2d 452 (1979); *State v. Brand*, 55 Wn. App. 780, 785 n.5, 780 P.2d 894 (1989) (citing additional cases), *review denied*, 114 Wn.2d 1002 (1990).

This court has not previously addressed what inquiry is necessary for the valid waiver of the right to a 12-person

---

[2]The defendants in *Lane* both expressly joined in the stipulation of their counsel and the prosecutor to have the case decided by 11, instead of 12, jurors. *State v. Lane*, 40 Wn.2d 734, 735, 246 P.2d 474 (1952). On this evidence the court found the waiver constitutionally sufficient.

jury. The Court of Appeals, however, has decided whether a signed waiver of this right is required in *State v. Allman*, 19 Wn. App. 169, 172-73, 573 P.2d 1329 (1977), *review denied*, 90 Wn.2d 1009 (1978). In that case the court rejected the defendant's argument that the right to a 12-person jury could not be waived absent a written waiver signed by the defendant. Relying on *Williams v. Florida*, 399 U.S. 78, 26 L. Ed. 2d 446, 90 S. Ct. 1893 (1970) the court concluded that the right to a jury and the right to a 12-person jury are not the same. Rather, the election to proceed with fewer than 12 jurors is a procedural matter and the method of waiver may be dictated by court rule. *Allman*, at 173. The court then considered CrR 6.1 which requires a jury trial in the absence of a defendant's signed waiver. In contrast, the court noted, the rule does not require the decision to be tried by a jury of six to be made in writing. *Allman*, at 173.[3]

Although *Allman* held that a written waiver of this right is not required, nevertheless, the court held that waiver of the right must be intelligently and voluntarily entered, free from improper influences. *Allman*, at 173 (citing *Lane*, at 737). Because the "record show[ed] that Allman chose a 6-person jury after having discussed the matter with his attorney", the court concluded there was "no evidence that his choice was other than knowingly and voluntarily made". *Allman*, at 173.

Although authority from other jurisdictions is not binding, it is informative and we note that a number of courts have directly addressed this issue. None of the courts considering the issue have required the defendant's written waiver;

---

[3]The text of CrR 6.1 considered in *Allman* provided:

"(a) **Trial By Jury.** Cases required to be tried by jury shall be so tried unless the defendant files a written waiver of a jury trial, and has consent of the court.

"(b) **Jury of Less Than Twelve.**

"(1) If prior to trial on a noncapital case, all defendants so elect, the case shall be tried by a jury of six, or by the court.

"(2) If a juror is unable to continue and if no alternate jurors have been selected or if none is available, all defendants may elect to continue with the remaining jurors; otherwise a mistrial may be granted on motion of any defendant." *Allman*, at 173.

however, the cases are split on whether the waiver of a 12-person jury requires a personal expression by the defendant. *See State v. Machia*, 583 A.2d 556, 558-59 (Vt. 1990) (collecting cases); Annotation, *Oral Stipulation To Proceed in Federal Criminal Trial With Less Than 12 Jurors as Satisfying Rule 23(b) of Federal Rules of Criminal Procedure*, 57 A.L.R. Fed. 367 § 5 (1982); V. Woerner, Annotation, *Sufficiency of Waiver of Full Jury*, 93 A.L.R.2d 410 (1964).

A number of the courts view the waiver of a 12-person jury as a procedural or tactical matter rather than as an integral part of the constitutional right to trial by jury. Accordingly, these courts do not require the defendant's express waiver or any colloquy between the court or counsel and the defendant. Rather, counsel's stipulation to a reduced number of jurors is accepted, absent the defendant's express objection. *United States v. Stratton*, 779 F.2d 820 (2d Cir. 1985) (no constitutional right to a jury of 12) (citing *Williams v. Florida, supra*), *cert. denied*, 476 U.S. 1162 (1986); *United States v. Spiegel*, 604 F.2d 961, 965-66 (5th Cir. 1979) (distinguishing between the right to a jury and the right to a jury of 12) (citing *Williams v. Florida, supra*), *cert. denied*, 446 U.S. 935 (1980); *Machia*, at 559 (stipulation to fewer than 12 jurors not equivalent to jury waiver where state constitution silent on number of jurors) (citing *Williams v. Florida, supra*); *United States v. Roby*, 592 F.2d 406 (8th Cir.) (failure to commit stipulation to writing is procedural error not of constitutional magnitude) (citing *Williams v. Florida, supra*), *cert. denied*, 442 U.S. 944 (1979).[4]

---

[4]A number of federal decisions have analyzed the validity of a waiver of this right only in the context of Fed. R. Crim. P. 23(b). *See Williams v. United States*, 332 F.2d 36 (7th Cir. 1964) (rule 23(b) does not require express stipulation where defendant present when counsel orally agreed to fewer jurors in open court), *cert. denied*, 379 U.S. 976 (1965); *United States v. Pacente*, 503 F.2d 543, 552 (7th Cir.) (defense counsel's signature on stipulation to a reduced jury satisfies rule 23(b)), *cert. denied*, 419 U.S. 1048 (1974); *but see United States v. Reyes*, 603 F.2d 69 (9th Cir. 1979) (to satisfy requirements of Fed. R. Crim. P. 23(b) the defendant's expression of consent on the record must appear at the time of such stipulation); *United States v. Guerrero-Peralta*, 446 F.2d 876, 877 (9th Cir. 1971) (oral stipulation of counsel may satisfy Fed. R. Crim. P. 23(b) if record reflects that defendant's personal express consent to the stipulation was intelligent and knowing).

In contrast, courts finding that waiver of a 12-person jury implicates the constitutional right to trial by jury have held that the right can be waived only through knowing, intelligent, and voluntary acts of the defendant. These courts require either a personal expression from the defendant or an on-the-record colloquy reflecting consultation with counsel or the court. *See, e.g., People v. Ames*, 52 Cal. App. 3d 389, 392, 124 Cal. Rptr. 894, 896 (1975) (same constitutional requirements for a waiver of jury trial are applicable to a trial by a lesser number under the state constitution); *State v. Hood*, 242 Kan. 115, 744 P.2d 816 (1987) (the right to waive a 12-person jury belongs to the defendant personally and not to counsel; record indicated the defendant understood his waiver); *Walker v. State*, 578 P.2d 1388, 1390 (Alaska 1978) (Alaska Constitution guarantees a right to a 12-person jury and requires a personal waiver; counsel's pretrial waiver is not binding); *State v. McGee*, 447 S.W.2d 270, 273 (Mo. 1969) (waiver of a jury of less than 12 must be accomplished pursuant to the same constitutional requirements as jury waiver), *cert. denied*, 397 U.S. 1056 (1970).

The Court of Appeals in this case followed the first approach, analyzing the election to proceed with a reduced jury as a procedural or tactical matter. To reach this conclusion, the court accepted the finding by the *Allman* court that this election is "not the same" as waiving the right to jury trial. *Stegall*, at 760. The court then expanded this point, holding that neither a personal expression of waiver from the defendant, nor a colloquy with counsel or the court, was required to establish a valid waiver. *Stegall*, at 761.

While we acknowledge the *Williams v. Florida, supra*, analysis followed by *Allman*, we find *Wicke*, and the other cases dealing with the waiver of a constitutional right to jury trial, offer a more persuasive analogy to the present case. As we recognized in *Ellis* and *Lane*, both the right to a jury, as well as the right to a 12-person jury, are protected by article 1, section 21 of the state constitution. In this state the right to a 12-person jury is an integral part of a felony defendant's right to jury trial. As noted earlier, this is in

contrast to the federal constitution which is silent on numerical jury composition. *Williams v. Florida, supra* at 14. Furthermore, this court has required the waiver of this right be knowing, voluntary, and free from improper influence. *Lane*, at 737. Along with other courts which employ that standard, we conclude that the waiver of the right to a 12-person jury is constitutionally valid only on a showing of either (1) a personal statement from the defendant expressly agreeing to the waiver, or (2) an indication that the trial judge or defense counsel has discussed the issue with the defendant prior to the attorney's own waiver.

Our conclusion is further supported by the language of CrR 6.1(b) and (c) which provide:

> (b) **Number of Jurors.** Unless otherwise provided by these rules, the number of persons serving on a jury shall be 12, not including alternates. If prior to trial on a noncapital case all defendants so elect, the case shall be tried by a jury of not less than six, or by the court.

> (c) **Juror Unable To Continue.** If a case has not yet been submitted to the jury and a juror is unable to continue and no alternate jurors were selected or none are available, or if a case has been submitted to the jury and a juror is unable to continue, all defendants may elect to continue with the remaining jurors. The court shall declare a mistrial for any defendant who does not elect to continue with the remaining jurors. If some, but not all, defendants elect to continue with the trial, the court shall proceed with the trial for those defendants unless the court determines manifest necessity requires a mistrial.

Pursuant to CrR 6.1(b), the election of trial by fewer than 12 is treated the same as an election of trial by the court, *i.e.*, waiving a jury. It is the defendant in each instance who must elect to proceed other than by a full jury. Provision (c) ensures a defendant of the right to a 12-person jury by providing an automatic right to mistrial should the number of jurors be reduced.[5]

The final question Hansen raises regarding the waiver of this right is whether the trial court should have engaged in a colloquy with Hansen concerning the consequences of a

---

[5]This is in contrast to the corresponding federal rule, Fed. R. Crim. P. 23(b), which gives the court discretion to proceed under this same circumstance apparently without agreement by the defendant.

waiver of the right to 12 jurors. In *Lane*, the court upheld a waiver of the right to a 12-person jury in the absence of any colloquy. This only makes sense since a contrary holding would provide greater protection in the current context than would exist for waivers of the more general right to a jury trial. *See Brand*, at 785 n.7 (collecting cases holding that no colloquy is required for waiver of the right to a jury trial); *see also United States v. Reyes*, 603 F.2d 69, 72 (9th Cir. 1979) ("We do not intimate that a trial judge must explain . . . the strategic ramifications of the decision whether to accept a jury of less than twelve"; holding that the role of a court is to determine that the defendant knowingly and intelligently consents to stipulation by counsel). Therefore, we decline to extend greater protection to the waiver of a 12-person jury than to waiver of a jury trial.

## II

Hansen contends that the record of waiver in this case is insufficient for a finding of waiver as it shows only his silent presence in the courtroom when his counsel consented to 11, then 10, jurors.

The burden of proving the waiver of a constitutional right rests with the State, not the defendant. *In re James*, 96 Wn.2d 847, 851, 640 P.2d 18 (1982); *Seattle v. Crumrine*, 98 Wn.2d 62, 65, 653 P.2d 605 (1982). As this court stated in *Wicke*, "every reasonable presumption should be indulged against the waiver . . . absent an adequate record to the contrary". *Wicke*, at 645. Silent acquiescence does not by itself give the court any basis for concluding that the defendant's election met constitutional standards. *Wicke*, at 645.

In *Wicke*, the defendant stood silently as counsel waived his right to jury. The record failed to demonstrate that counsel consulted with his client or that the court questioned Wicke's concurrence. In the absence of a written waiver by the defendant, a colloquy on the record, or evidence of consultation with counsel this court concluded that the constitutional requirement of a knowing, intelligent, and voluntary waiver was not met. *Wicke*, at 645.

The record here demonstrates neither a personal expression of intent nor an informed acquiescence. A review of the transcript of the pretrial proceedings shows that the issue arose suddenly. There is no indication that counsel ever consulted with Hansen on this point. In fact, Hansen has submitted a sworn affidavit indicating no such consultation ever took place. Further, it appears that at least one of the stipulations made by Hansen's attorney occurred in order to meet the attorney's own desire to avoid the embarrassment of proceeding with jury selection with a broken zipper on his fly.

In the absence of either a personal expression from the defendant waiving a 12-person jury, or an indication that either counsel or the judge discussed this right with the defendant, we cannot find a knowing, voluntary, and intelligent waiver of the right to a 12-person jury. Accordingly, the Court of Appeals is reversed and the matter remanded for a new trial.

UTTER, DOLLIVER, SMITH, GUY, and JOHNSON, JJ., concur.

ANDERSEN, C.J. (dissenting) — The majority changes existing law and judicially amends the Superior Court Criminal Rules, and in the process provides an opportunity for an untold number of criminal defendants to belatedly challenge their convictions.

Until today, there was no requirement that the decision to be tried by a jury of less than 12 be in writing or be expressed *personally* by the defendant. It had always been considered that "[s]uch an election is not a waiver of a jury trial." *State v. Allman*, 19 Wn. App. 169, 173, 573 P.2d 1329 (1977), *review denied*, 90 Wn.2d 1009 (1978). CrR 6.1(c) (where a juror is unable to continue, a defendant *may elect* to continue with the remaining jurors); CrR 6.1(a) (it is only in cases that are not tried by a jury that a written waiver is required).

If the majority proposes to *change* rather than interpret the criminal rules pertaining to trial by a jury of less than

732

12 persons, it should do so through an amendment of the rules and not by judicial fiat.

I would affirm the Court of Appeals on this issue and hold that a written or express waiver on the part of a defendant is *not* required in order for trial to proceed where defense counsel, on behalf of and in the presence of defendant, elects to continue with the remaining jurors.

For the foregoing reasons, I dissent.

BRACHTENBACH and DURHAM, JJ., concur with ANDERSEN, C.J.