STATE of Iowa, Appellee,

v.

Keith Alan ARNDT, Appellant.

No. 5–340, 94–1045.

Court of Appeals of Iowa.

Aug. 17, 1995.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General; Mary Tabor, Assistant Attorney General; and Paul L. Martin, County Attorney, for appellee.

Considered by DONIELSON, C.J., and HAYDEN and HUITINK, JJ.

DONIELSON, Chief Justice.

The defendant, Keith Arndt, appeals the judgment and sentence entered upon his conviction for assault causing bodily injury. He argues he was denied his right to effective assistance of counsel based on his attorney's failure to request an alternate juror and her failure to object to the court's acceptance of a verdict by less than twelve jurors.

Claims of ineffective assistance of counsel are not usually adjudicated on direct appeal. *State v. McKettrick,* 480 N.W.2d 52, 56 (Iowa 1992). However, such claims may be addressed on direct appeal if there is a sufficient record available for a reviewing court to make a determination. *Id.* Since "a defendant must prove *both* incompetent representation *and* prejudice before succeeding on a claim of ineffective assistance of counsel, a reviewing court can affirm a conviction on direct appeal if the defendant has failed to prove prejudice, without deciding whether counsel's representation was incompetent." *Id.* (emphasis in original).

Both parties present the issue of the defendant's alleged ineffective assistance of counsel as one which may be presently disposed of on direct appeal. Given these circumstances, we have reviewed the defendant's claim and find he has failed to demonstrate prejudice resulted from his trial counsel's action. We affirm his conviction.

## I. FACTUAL BACKGROUND.

A pretrial hearing was held immediately prior to the commencement of the trial on May 26, 1994. At that time the following discussion was had in the presence of the defendant:

> THE COURT: .... Ms. Evans, Defendant's position on selection of an alternate juror?
>
> MS. EVANS: Um, we would be satisfied with a verdict of 11 if that would be the case.
>
> THE COURT: And so you would waive an alternate?
>
> MS. EVANS: Yes, we would.
>
> THE COURT: Mr. Martin?
>
> MR. MARTIN: The State would do the same, Your Honor.

> THE COURT: We will not select an alternate. We will accept a verdict of 11 jurors should it be necessary to excuse one prior to verdict. We will not accept a verdict of less than 11.

On May 27, 1994, a juror was hospitalized and excused from the jury. The remaining eleven jurors proceeded with their deliberations and found the defendant guilty.

## II. APPLICABLE LAW.

The defendant does not dispute the selection of an alternate juror rests within the discretion of the trial court. Iowa R.Crim.P. 17(15). The defendant also concedes it has been long established a defendant may waive his right to be tried by a jury of twelve individuals. *See State v. Browman,* 191 Iowa 608, 634, 182 N.W. 823, 834 (1921); *State v. Kaufman,* 51 Iowa 578, 582, 2 N.W. 275, 278 (1879). However, he argues defense counsel was ineffective in that she unilaterally waived his right to a jury of twelve individuals and the trial court did not inquire as to whether he agreed to this and was making a voluntary and intelligent waiver.

A number of issues surround the validity of a such a waiver. *See generally* Annotation, *Sufficiency of Waiver of Full Jury,* 93 A.L.R.2d 410 (1964). At the outset a court must determine whether such a waiver is a procedural and tactical matter [1] or an integral part of the constitutional right to trial by jury, requiring a knowing, voluntary and intelligent waiver.[2] Next it must be determined whether defense counsel can waive the right to a full jury [3] or if only a defendant may do so.[4] If a defendant's waiver is required, there is a question as to whether such a waiver may be implied [5] or if must be an express and affirmative waiver.[6] Finally, there is an issue of whether there must be a colloquy between the trial court and defendant to establish the validity of the

---

**1.** *See Johnson v. State,* 214 Ga.App. 77, 447 S.E.2d 74, 76 (1994); *State v. Machia,* 155 Vt. 192, 583 A.2d 556, 560 (1990).

**2.** *See State v. Stegall,* 124 Wash.2d 719, 881 P.2d 979, 983 (1994).

**3.** *See Judy v. State,* 470 N.E.2d 380, 382 (Ind. App.1984).

**4.** *See State v. Roland,* 15 Kan.App.2d 296, 807 P.2d 705, 707 (1991).

**5.** *See Johnson v. State,* 214 Ga.App. 77, 447 S.E.2d 74, 76 (1994).

**6.** *See State v. Hegg,* 410 N.W.2d 152, 154–55 (N.D.1987).

defendant's waiver.[7] We do not presently have to reach any of these issues as the defendant cannot show he was prejudiced by his counsel's actions in this case.

The defendant contends the selection of an impartial alternate in the early stages of the proceedings could only have increased his chances for acquittal by providing one additional individual to whom the State was required to prove its case beyond a reasonable doubt. He argues his counsel's waiver of a twelve-member jury decision resulted in actual prejudice to him in that given the contradictory evidence offered by the State and himself, "any single juror could have easily been persuaded that the State had not met its burden to establish beyond a reasonable doubt that the defendant committed the assault on [the victim]."

The defendant asserts had there been a twelfth juror there is a reasonable probability the outcome of the trial would have been different. This type of reasoning was previously rejected by the United States Supreme Court which recognized the performance of the jury's role is not a function of the particular number that makes up the jury. *See Williams v. Florida,* 399 U.S. 78, 100, 90 S.Ct. 1893, 1906, 26 L.Ed.2d 446, 460 (1970).

> It might be suggested that the 12-man jury gives a defendant a greater advantage since he has more "chances" of finding a juror who will insist on acquittal and thus prevent conviction. But the advantage might just as easily belong to the State, which also needs only one juror out of twelve insisting on guilt to prevent acquittal.

*Id.* 399 U.S. at 101, 90 S.Ct. at 1906, 26 L.Ed.2d at 460.

■ To demonstrate he was prejudiced by his counsel's conduct, the defendant must show "there is a reasonable probability that but for his trial attorney's unprofessional errors, the resulting conviction and sentence would have been different." *State v. Bumpus,* 459 N.W.2d 619, 626 (Iowa 1990), *cert. denied,* 498 U.S. 1001, 111 S.Ct. 563, 112 L.Ed.2d 570 (1990). A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.*

■ The record reveals a verbal confrontation occurred between the defendant and the victim and there was eyewitness testimony the defendant had inflicted the injuries upon the victim. The record before us is complete enough to establish overwhelmingly the sufficiency of the evidence to establish the defendant's guilt for the crime charged. He has failed to demonstrate there is a reasonable probability that but for the waiver of an alternate juror the outcome of the trial would have been different. Having failed to establish the requisite prejudice, the defendant's claim of ineffective assistance of counsel is denied.

**AFFIRMED.**

**7.** *See State v. Stegall,* 124 Wash.2d 719, 881 P.2d 979, 985 (1994).