IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68637-2-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER D. BARNHILL, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 23, 2013 |

SCHINDLER, J. — The court convicted Christopher D. Barnhill of one count of rape

of a child in the second degree. On appeal, Barnhill contends the judgment and

sentence does not give him credit for time served with the Washington State

Department of Corrections (DOC). The State concedes error. We accept the State's

concession as well taken.

Judgment and Sentence

The judgment and sentence must state the credit a defendant is entitled to

receive on its face. In re Pers. Restraint of Phelan, 97 Wn.2d 590, 596, 647 P.2d 1026

(1982). We remand for the court to amend the judgment and sentence to state that

Barnhill is entitled to credit for time served at DOC. "The sentencing court shall give the

offender credit for all confinement time served before the sentencing if that confinement

was solely in regard to the offense for which the offender is being sentenced." RCW

9.94A.505(6). A defendant shall also be credited with time served while imprisoned pending an appeal. RCW 9.95.062(3); State v. Phelan, 100 Wn.2d 508, 515, 671 P.2d 1212 (1983), superseded by statute on other grounds by RCW 9.94A.729.

Statement of Additional Grounds

Barnhill contends the trial court erred by denying his motion to dismiss under CrR 8.3(b). A court "may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect[s] the accused's right to a fair trial." CrR 8.3(b). Dismissal under CrR 8.3(b) is an " 'extraordinary remedy.' " State v. Rohrich, 149 Wn.2d 647, 658, 71 P.3d 638 (2003) (quoting State v. Baker, 78 Wn.2d 327, 332, 474 P.2d 254 (1970)).

We review an order denying a motion to dismiss for abuse of discretion. State v. Garza, 99 Wn. App. 291, 295, 994 P.2d 868 (2000). A trial court abuses its discretion when it bases its decision on untenable or unreasonable grounds. State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995).

Barnhill argues that the King County Department of Adult and Juvenile Detention intentionally interfered with attorney work product and his right to a fair trial. The trial court did not abuse its discretion in denying the motion to dismiss. Following an evidentiary hearing, the court found that the jail was justified in examining the documents that Barnhill kept in the box and that the delay in receiving the documents did not prejudice his right to a fair trial.

Barnhill also contends his attorney provided ineffective assistance of counsel by failing to address whether legal materials were missing from his box. Because the

record shows that Barnhill's attorney addressed the "missing" legal materials and argued prejudice, Barnhill cannot establish ineffective assistance of counsel.

Barnhill claims the trial court judge was biased. Criminal defendants are entitled to a fair trial by an impartial judge. U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22. The party claiming bias or prejudice must support the claim with evidence of the trial court's actual or potential bias. State v. Gamble, 168 Wn.2d 161, 187-88, 225 P.3d 973 (2010).

Barnhill filed a motion to order the jail to return two USB[1] flash drives to him. After conducting an in-camera review, the court ordered the jail to return the USB drives to Barnhill "without viewing or tampering with them." The jail copied the information from the two USB drives onto Barnhill's computer.

Barnhill filed a CrR 8.3(b) motion to dismiss. Barnhill argued the jail violated the court order by transferring the USB files to his computer. The court denied the motion to dismiss. The court ruled that even if the jail viewed the documents while copying the information to Barnhill's computer in violation of the court order, the intrusion did not interfere with Barnhill's right to due process. The court ruled, in pertinent part: "[L]et's assume you actually committed these offenses. I wouldn't be willing to dismiss anyway, even if I make a finding that it's done intentionally." The portion of the court's ruling that Barnhill cites does not support his argument that the judge was biased.[2]

---

[1] (Universal serial bus.)

[2] Barnhill argues that the trial court abused its discretion by denying his Knapstad motion to dismiss the charges against him. State v. Knapstad, 107 Wn.2d 346, 729 P.2d 48 (1986). Because Barnhill has not challenged the sufficiency of the evidence supporting his conviction at trial, we do not address his argument. State v. Jackson, 82 Wn. App. 594, 608-09, 918 P.2d 945 (1996).

Barnhill claims he did not knowingly, intelligently, and voluntarily waive his right to a jury trial.[3] We disagree. Barnhill waived his right to a jury trial in writing. Barnhill also told the trial court several different times that he was certain he wanted to waive his right to a jury trial.

We affirm Barnhill's conviction and remand the judgment and sentence for clarification.

WE CONCUR:

---

[3] A criminal defendant has the right to a jury trial under both the federal and state constitutions. U.S. CONST. amend. VI; WASH. CONST. art. I, § 21. This right may be waived in a knowing, intelligent, and voluntary manner. State v. Stegall, 124 Wn.2d 719, 724–25, 881 P.2d 979 (1994).