# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                Respondent,<br><br>     v.<br><br>STEVEN MATTHEW FULLERTON,<br><br>                Appellant. | DIVISION ONE<br><br>No. 80641-6-I<br><br>UNPUBLISHED OPINION<br><br>FILED: January 27, 2020 |

DWYER, J. — Steven Fullerton appeals from his conviction for assault in the third degree and multiple violations of a civil anti-harassment order following a stipulated facts trial. Fullerton asserts that the trial court erred by enforcing a mental health court contract in which he waived several constitutional rights, including the right to a trial by jury, because it did not set forth the standard range and statutory maximum sentences for the crimes charged. Because such information was not required to be included in the mental health court contract and Fullerton knowingly, intelligently, and voluntarily agreed to the terms of the mental health court contract and waived his constitutional rights, we affirm.

I

In 2017, Fullerton was charged with one count of assault in the third degree and two counts of violating a civil anti-harassment order. Fullerton suffers from multiple mental health disorders. Rather than undergo trial, Fullerton agreed to participate in a mental health court program. This program

defers prosecution in exchange for the defendant's participation and, if the defendant successfully completes the program, the charges against him or her are dismissed with prejudice.

The mental health court program contract set forth the following provisions pertinent to this appeal:

21. It is the Judge's decision to determine when the defendant has earned the ability to complete the Program and to determine when termination from the Program will occur.

22. Failure to abide by any Program rule, any positive urinalysis/breath test, any missed treatment session or Court hearing, any new violation of the law, or any failure to abide by any other terms or conditions of this contract will subject the defendant to a sanction ordered by the Court, which may consist of work release, confinement in the Lewis County Jail, community service, an increase in treatment services, or any other sanction up to and including termination from the Program.

23. If the defendant is terminated from the Program, the defendant agrees and stipulates that the Court will determine the issue of guilt on the pending charge(s) solely upon a summary of the enforcement/investigative agency reports or declarations, witness statements, field test results, lab test results, or other expert testing or examinations such as fingerprint or handwriting comparisons, which constitute the basis for the prosecution of the pending charge(s) as contained in the Probable Cause Statement. The defendant further agrees and stipulates the facts presented by such reports, declarations, statements, and/or expert examinations are sufficient for the Court to find the defendant guilty of the pending charge(s).

24. **The defendant acknowledges, understands, and agrees to waive the following rights:**
> **a. The right to a speedy trial pursuant to CrR 3.3 (The defendant further agrees to a new commencement date of 4/1/20);**
> **b. The right to a public trial by an impartial jury in the county where the crime is alleged to have been committed;**
> **c. The right to hear and question any witness testifying against the defendant;**

**d. The right at trial to have witnesses testify for the defense, and for such witnesses to be made to appear at no expense to the defendant; and**
**e. The right to testify at trial.**

25. The defendant waives the right to challenge the legality of any investigative or custodial detention, or the legality of any search or seizure, or the sufficiency or Miranda[1] warnings or voluntariness of any statement made, pertaining to any evidence, which forms part of the basis for the prosecution of the pending charge(s).

The contract was signed by Fullerton, his defense counsel, the prosecutor, and the court. Above Fullerton's signature, the contract set forth the following acknowledgement: "My attorney has explained to me, and we have fully discussed, all of the above paragraphs. I understand them all and wish to enter in this Mental Health Court Program Contract. I have no further questions to ask the Judge."

Before Fullerton signed the agreement, he engaged in a brief colloquy with the court about his understanding of the agreement. Specifically, the court asked Fullerton if (1) he was voluntarily signing the agreement, (2) he understood that he was waiving certain rights—like the right to a speedy trial—in exchange for the opportunity to go through the mental health court program and have his charges dismissed upon successful completion of the program, and (3) he had reviewed the contract with his attorney and had any questions. In response, Fullerton stated that he understood that he was waiving his rights for the chance to participate in the program, that he had reviewed the contract with his attorney and did not have any questions, and that he was signing the contract voluntarily.

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Subsequently, Fullerton was terminated from the program for violating the terms of his contract. The trial court held a stipulated facts trial and found Fullerton guilty of all three charges against him. The court then imposed an exceptional sentence downward of 24 months of incarceration with credit for time served and required Fullerton to pay a $500 crime victim compensation fund assessment.

Fullerton appealed to Division Two, which transferred the matter to us for resolution.

II

Fullerton's sole contention on appeal is that he did not knowingly, intelligently, and voluntarily enter into the mental health court contract and that therefore his waiver of his constitutional rights under that contract is invalid. This is so, Fullerton asserts, because the contract did not set forth the standard range or statutory maximum sentences for the charged offenses. Because such information need not be included in a deferred prosecution agreement such as the mental health court program contract, Fullerton's contention is unavailing.

We review a waiver of constitutional rights de novo. State v. Robinson, 171 Wn.2d 292, 301, 253 P.3d 84 (2011). A defendant's waiver of his or her constitutional right is valid only if made knowingly, intelligently, and voluntarily. State v. Stegall, 124 Wn.2d 719, 724, 881 P.2d 979 (1994). Such a waiver must be made with "sufficient awareness of the relevant circumstances and likely consequences." Brady v. United States, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). It is the State's burden to establish an "'intentional

4

relinquishment or abandonment of a known right or privilege.'" Brewer v. Williams, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977) (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938)).

Fullerton asserts that the mental health court program contract he signed was similar to a guilty plea and was therefore required to inform him of the standard range and maximum possible sentences for the crimes with which he was charged. To support his assertion, Fullerton cites to State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001), which sets forth the principle that a defendant may not knowingly, intelligently, and voluntarily submit a guilty plea without being properly informed of the sentencing consequences for the crimes charged. This is because "[a] plea of guilty constitutes a waiver of significant rights by the defendant, among which are the right to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and *to be convicted by proof beyond all reasonable doubt.*" State v. Tourtellotte, 88 Wn.2d 579, 583, 564 P.2d 799 (1977) (emphasis added) (citing Santobello v. New York, 404 U.S. 257, 260, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) (Douglas, J., concurring)); see also Brady, 397 U.S. at 748 ("[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial."). Therefore, sentencing is a direct consequence of a guilty plea, and a defendant must be informed of the sentencing consequences for a guilty plea to be valid. Wood v. Morris, 87 Wn.2d 501, 503, 513, 554 P.2d 1032 (1976).

In contrast, a defendant entering into a deferred prosecution agreement requiring a stipulated facts trial should the defendant breach the agreement—such as the mental health court program contract herein—plainly does not waive the right to be convicted by proof beyond a reasonable doubt.[2] See State v. Drum, 168 Wn.2d 23, 34, 225 P.3d 237 (2010) ("By entering a drug court contract, a defendant is not giving up his right to an independent finding of guilt beyond a reasonable doubt."). "[A] stipulated facts trial, where the trial court independently reviews the evidence and makes its own findings, is not the equivalent of a guilty plea." Drum, 168 Wn.2d at 39 (citing State v. Mierz, 127 Wn.2d 460, 468-69, 901 P.2d 286 (1995)). Therefore, sentencing is not a direct consequence of a defendant's decision to enter into a deferred prosecution agreement—the defendant must first be found guilty of the crimes charged—and the due process protections required in the context of guilty pleas are not applicable. Drum, 168 Wn.2d at 39.

The record herein is clear. The mental health court contract set forth the rights Fullerton was waiving by participating in the mental health court program and the consequences if Fullerton violated any terms of the contract. Fullerton acknowledged, both verbally and in writing, that his attorney had explained to him the rights he was waiving, that he understood those rights and did not have any questions, and that he was voluntarily agreeing to waive those rights for the

---

[2] Although the mental health court program contract herein required Fullerton to stipulate that there was sufficient evidence to find him guilty beyond a reasonable doubt, the trial court was not bound by this stipulation. State v. Drum, 168 Wn.2d 23, 34, 225 P.3d 237 (2010). Fullerton does not assert on appeal that there was legally insufficient evidence to support the trial court's judgment of guilt.

chance to participate in the mental health court program. Fullerton's waiver was valid.

Affirmed.

_Dwyer, J._

WE CONCUR:

_Chun, J._                    _Mann, ACJ_