IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>          Respondent,<br><br>      v.<br><br>RICARDO AGUILAR, JR.,<br><br>          Appellant. | No. 86985-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Ricardo Aguilar appeals from his conviction following a stipulated facts trial for one count each of assault in the second degree and assault in the fourth degree, both designated as domestic violence offenses, as well as driving under the influence. Aguilar asserts that the trial court erred by enforcing a veteran's court program contract in which he waived several constitutional rights in exchange for his participation in the treatment program. He avers that the court erred because the contract did not inform him that the trial court could sentence him to consecutive terms of confinement on certain charged offenses. Because such information was not required to be included in his veteran's court treatment program contract and he otherwise knowingly, intelligently, and voluntarily agreed to the terms of that contract, he validly waived the constitutional rights set forth therein. Accordingly, we affirm.[1]

---

[1] Aguilar also filed a pro se statement of additional grounds for review. As discussed herein, the ground provided does not establish an entitlement to relief.

FACTS

On April 12, 2022, the State charged Aguilar with one count of assault in the second degree and one count of assault in the fourth degree, both alleged to be domestic violence offenses. In June, rather than proceed to trial, Aguilar entered into an agreement with the Kitsap County Prosecuting Attorney's Office to participate in a Kitsap County veteran's court program. As part of the agreement, the State amended the information to additionally charge Aguilar with one count of driving under the influence (DUI) that carried an allegation that his blood alcohol concentration was at least 0.15 and agreed to defer prosecution in exchange for Aguilar's participation in the treatment program. The State further agreed to dismiss the charges against Aguilar with prejudice upon his successful completion of the program.

The contract provided, as pertinent to this appeal, the following:

WAIVER OF JURY TRIAL

I, the above-captioned Defendant, understand that I have a right to a trial by jury. I hereby waive my right to a jury trial and request that my guilt or innocence be decided by a Judge.

WAIVER OF SPEEDY TRIAL RIGHTS

I, the above-captioned Defendant, understand that I have a right to trial by 8/17/22 and that I give up that right and consent to extend the time the state has to bring me to trial until December 31, 2029.

CERTIFICATE OF DEFENDANT/STIPULATION TO FACTS

I am the Defendant in the above-entitled case. I wish to submit this case on a stipulated record. I am making this stipulation freely and voluntarily. No one has threatened me with harm of any kind to me or to any other person to cause me to make this stipulation. I understand that the Judge will read the police reports and other materials in the Prosecuting Attorney's possession and, based upon those facts, the Judge will decide if I am guilty of the crime(s) as set forth in the information. I stipulate that the facts contained within the police reports are sufficient for a trier of fact to find me guilty of the charge(s) presently filed against me. I understand that by this process, I am giving up my constitutional right to a jury trial, my right to hear and question

witnesses, my right to call witnesses in my own behalf, my right to contest the stop and or search and seizure of evidence and the voluntariness of any statement I may have given in my case, and my right to testify or not to testify. . . .

. . . .

VETERANS COURT PARTICIPANT'S RESPONSIBILITIES
AND AGREEMENTS

1. I must attend all court sessions, treatment obligations, and compliance appointments as ordered.

. . . .

5. . . . I understand that a failure to appear for a court date, failure to follow the rules of the treatment provider or compliance specialist, or any other breech [sic] of this agreement will result in an immediate bench warrant, sanctions and/or termination from the Veterans Court Program.

. . . .

14. I must submit urine samples, or submit to other forms of drug testing upon request by the Court, Treatment Provider, or the Veterans Court Compliance Specialist.

. . . .

16. I agree that the following will be considered to be positive UA's [sic] [(urinalysis)]:

. . .
b. giving a sample which has been adulterated or tampered with.
. . .

17. I understand that any attempt to falsify a urine test may be grounds for termination. I understand that the possession of urinalysis defeating methods may be grounds for termination. I understand that a missed test will be considered a test which is positive for drugs and will be subject to the same sanctions as a test which actually tested positive for drugs.

. . . .

20. I understand that if I fail to follow the terms of my agreement, the Judge may impose sanctions on me which can include:
. . .
☒ Termination from the Kitsap County Veterans Court Program.

The last page of the stipulation contained the following acknowledgment: "My lawyer has explained to me, and we have fully discussed the above paragraphs. I

- 3 -

understand them all. I have been given a copy of this document. I have no further questions to ask the Judge." Aguilar signed the document beneath that provision. His trial counsel and a deputy prosecuting attorney also signed the petition.

At a therapeutic court hearing, Aguilar's counsel stated that Aguilar "is ready, willing and able to stipulate into the Drug—or Veterans Court program. He and I have reviewed the stipulation in great detail and talked about it." Aguilar later entered a plea of not guilty to the counts as charged in the amended information.

The superior court judge accepted the parties' contract and signed it beneath the following provision in Aguilar's petition:

> The foregoing certificate was signed by the Defendant in open court in the presence of the Defendant's lawyer and the undersigned Judge. The Defendant asserted that he or she had previously read the certificate. I find the Defendant's decision to submit the above-entitled case on stipulation of facts to be knowingly, intelligently and voluntarily made. The Defendant understands the charge and the consequences of submitting the case on stipulated facts.

In March 2024, the State moved to terminate Aguilar's participation in the veteran's court program and alleged that he was not in compliance with the program due to "[a]ttempting to falsify or tamper with drug/alcohol tests," "[f]ailing to attend court, meetings, or other Veteran's court obligations," and "[d]ishonesty surrounding relapse." Subsequently, on June 21, the court terminated Aguilar's participation in the program.[2] The court then proceeded to a stipulated facts trial, considered the evidence, found him guilty of the charged crimes beyond a reasonable doubt, and imposed sentence. The judge ordered consecutive terms of confinement at the high

---

[2] Aguilar, through his counsel, did not contest the termination.

end of the standard sentencing range for each crime of conviction and suspended a portion of the term imposed on the DUI.

Aguilar timely appealed to Division Two of this court, which transferred the matter to this division for resolution.

ANALYSIS

I.      Validity of Waiver of Constitutional Rights

Aguilar's sole contention on appeal is that he did not knowingly, intelligently, and voluntarily enter into the veteran's court treatment program contract and, therefore, his waiver of his constitutional rights under that contract is invalid.  This is so, Aguilar asserts, because the contract did not inform him of the possible sentencing consequence of the imposition of consecutive terms of confinement against him.  Because such information need not be included in a deferred prosecution agreement such as the veteran's court treatment program contract here, and the record reflects that he otherwise validly waived his constitutional rights, Aguilar's contention is unavailing.

The validity of a defendant's waiver of a constitutional right is a question of law that we review de novo.  *State v. Robinson*, 171 Wn.2d 292, 301, 253 P.3d 84 (2011).  Such waiver is valid only if made knowingly, intelligently, and voluntarily.  *State v. Stegall*, 124 Wn.2d 719, 724, 881 P.2d 979 (1994).  It must be made with "sufficient awareness of the relevant circumstances and likely consequences."  *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970).  The State has the burden of establishing an "'intentional relinquishment or abandonment of a known right or privilege.'"  *State v. Stone*, 165 Wn. App. 796, 815, 268 P.3d 226 (2012)

(internal quotation marks omitted) (quoting *Brewer v. Williams*, 430 U.S. 387, 404, 97 S. Ct. 1232, 51 L. Ed. 2d 424 (1977).

Aguilar asserts that his waiver of his constitutional rights was invalid. He claims that the veteran's court treatment program contract that he signed, which included an express agreement to a stipulated facts trial if terminated, is analogous to an agreement to plead guilty and, therefore, the State and the trial court were required to inform him of the sentencing consequences of agreeing to such a contract, namely, that he could be sentenced to consecutive terms of confinement. Aguilar is mistaken.

A defendant's agreement to plead guilty and the sentencing consequences arising therefrom are meaningfully different from a deferred prosecution agreement like Aguilar's veteran's court agreement here and the resulting proceedings arising from an alleged breach of that therapeutic court agreement. For instance, it is well-established that a defendant may not knowingly, intelligently, and voluntarily agree to plead guilty without being properly informed of the sentencing consequences for the crimes charged. *State v. Walsh*, 143 Wn.2d 1, 7, 17 P.3d 591 (2001). This is because a "plea of guilty constitutes a waiver of significant rights by the defendant, among which are the right to a jury trial, to confront one's accusers, to present witnesses in one's defense, to remain silent, and *to be convicted by proof beyond all reasonable doubt*." *State v. Tourtellotte*, 88 Wn.2d 579, 583, 564 P.2d 799 (1977) (emphasis added) (citing *Santobello v. New York*, 404 U.S. 257, 260, 92 S. Ct. 495, 30 L. Ed. 2d 427 (1971) (Douglas, J., concurring)). Indeed, a guilty "plea is more than an admission of past conduct; it is the defendant's consent that *judgment of conviction may be entered without a trial*." *Brady*, 397 U.S. at 748 (emphasis added). Therefore,

in an agreement to plead guilty, sentencing is a direct consequence of the guilty plea, and a defendant must be informed of the sentencing consequences in order for the guilty plea to be valid. *Wood v. Morris*, 87 Wn.2d 501, 503, 513, 554 P.2d 1032 (1976) ("It should also be made clear that a mandatory minimum term is a direct consequence of a guilty plea of which the accused must be informed prior to entering his plea.").

By comparison, a defendant's agreement—like the one Aguilar agreed to here—deferring prosecution, requiring proof of a breach of the agreement, and requiring a stipulated facts trial in the event that a breach is established does not have sentencing as a direct consequence of entering into the agreement. Fundamentally, this is so because "a stipulated facts trial, where the trial court independently reviews the evidence and makes its own findings, is not the equivalent of a guilty plea." *State v. Drum*, 168 Wn.2d 23, 39, 225 P.3d 237 (2010); *see also State v. Smith*, 134 Wn.2d 849, 853, 953 P.2d 810 (1998) ("[A] stipulated facts trial is substantively different from a guilty plea proceeding."). Unlike a guilty plea, a deferred prosecution agreement does not necessarily include the waiver of the right to be convicted only after the State has proved the allegations beyond a reasonable doubt. *See Drum*, 168 Wn.2d at 34 ("By entering a drug court contract, a defendant is not giving up his right to an independent finding of guilt beyond a reasonable doubt."). Instead, as Aguilar did here, a defendant can agree to a stipulated facts trial and enter a plea of not guilty to the charged offenses, authorizing the trial court to make a final determination as to the defendant's guilt based on the stipulated facts in the event that the defendant

breaches the agreement. Therefore, in a stipulated facts trial, a defendant must first be found guilty of the crimes charged before sentence may be imposed.

Moreover, on a motion by the State to terminate a defendant's participation in therapeutic court, the State must still prove the violations that it alleges before the motion can be granted. Accordingly, sentencing is not a direct consequence of a defendant's decision to enter into a deferred prosecution agreement and the due process protections required in the context of a guilty plea are not applicable.[3] *Id.* at 39.

Here, Aguilar's sentencing did not immediately follow from the State's allegations of his breach of the agreement. Only after the State submitted its allegations underlying its motion for termination, Aguilar elected not to contest those allegations, and the trial court granted the State's motion did Aguilar's case proceed to the trial phase. Then, at the resulting stipulated facts trial and consistent with the necessary terms of the agreement here, although he had expressly waived his right to a jury, waived his right to a speedy trial, and stipulated to the facts contained in the record at the time he entered veteran's court, his guilt was neither admitted nor a foregone conclusion. This is so despite the fact that Aguilar had expressly waived his right to a jury and to a speedy trial and had stipulated to the facts contained in the record at the time that he entered the veteran's court program. Therefore, sentencing

---

[3] Aguilar's appellate briefing relies on portions of the transcript from a hearing where his defense counsel, the prosecutor, and the court discussed the potential sentencing outcomes that could follow should he breach the terms of the contract and subsequently be found guilty of the charged offenses following a stipulated facts trial. We note, however, that these discussions were not required as part of the veteran's court treatment program contract agreed to by the parties, and none of the sentencing outcomes discussed would necessarily follow from Aguilar's breach of that contract. Therefore, in relying on those portions of the transcript, he does not establish an entitlement to appellate relief.

was plainly not a direct consequence of Aguilar's decision to enter into the veteran's court treatment program, and he was not entitled to the due process protections applicable to a defendant who agrees to plead guilty.

The record otherwise reflects that Aguilar validly waived the relevant constitutional rights when he agreed to a deferred prosecution in exchange for his participation in the veteran's court treatment program. The treatment court program contract expressly identified the constitutional rights that Aguilar was waiving by agreeing to participate in the court program and identified the consequences resulting from his breach of any terms of the contract. Aguilar repeatedly acknowledged, both verbally and in writing, that his attorney had explained to him the rights that he was waiving, he understood those rights and did not have any questions, and he was voluntarily agreeing to waive those rights for the opportunity to participate in the veteran's court treatment program.[4] Given all of this, Aguilar's waiver was valid.

II.    Statement of Additional Grounds for Review

Aguilar also filed a pro se statement of additional grounds for review setting forth his challenge to the trial court's decision to terminate his participation in the veteran's court treatment program. He specifically argues that he "saw the court forgive other participant's [sic] major rule violations" and such "participants were allowed two, three or four or more major program violations without termination." In

---

[4] Aguilar nevertheless relies on our Supreme Court's decision in *Smith* to support his assertion on appeal. However, *Smith* regarded a defendant not being adequately informed as to certain sentencing consequences arising from his *agreement to plead guilty*, not from a deferred prosecution contract agreeing to a stipulated facts trial in the event of a breach of the contract. As discussed herein, and as the court in *Smith* itself stated, "a stipulated facts trial is substantively different from a guilty plea proceeding." 134 Wn.2d at 853. Aguilar's reliance on *Smith* is therefore unavailing.

effect, he argues that the trial court should not have terminated his participation in the program. However, the record establishes that this argument has been expressly waived.

During the hearing on the State's motion to terminate his participation in the treatment court program, Aguilar, through his counsel, informed the court that he was not contesting the State's motion to terminate his participation in the program. His trial counsel explicitly stated that he and Aguilar "discussed [Aguilar's] rights in regards to the fact-finding and not requiring the State to provide proof of the allegations against him. *We're waiving that. We are proceeding with a noncontested termination.*" (Emphasis added.) The trial court, in response, ruled, "All right. Then, Mr. Aguilar, I'm signing off on the order regarding termination from the Veterans Treatment Court."

The record reflects that the court relied on Aguilar's counsel's representations before it when it ordered his termination from the treatment program. The court did not err in accepting the express waiver by the defense, and Aguilar offers no argument that the waiver was invalid.

Affirmed.

WE CONCUR:

_Feldman, J._

_Chung, J._