975 P.2d 6 (1999)
STATE of Washington, Appellant,
v.
Travis PERRY, Respondent.
No. 41569-7-I.
Court of Appeals of Washington, Division 1.
February 8, 1999.
Publication Ordered March 29, 1999.
*7 Eric Richey, Whatcom County Prosecutor's Office, Belingham, for Appellant.
Neil M. Fox, Seattle-King County Public Defender Association, Seattle, William Coats, Whatcom County Public Defenders, Bellingham, for Respondent.
PER CURIAM.
The State appeals the superior court's ruling reversing Respondent Travis Perry's conviction for driving while license suspended in the first degree. The Department of Licensing failed to provide Perry with notice that his license had been revoked as required under the habitual offenders statute. The sole question before us is whether Perry's constructive notice that his license had been revoked satisfies due process. Because we find that Perry was deprived of his due process right to a pre-revocation opportunity to be heard, we affirm.

FACTS
On August 21, 1992, the Washington State Department of Licensing ("Department") mailed Perry notice of an order of revocation indicating that his driving privileges were being revoked for five years beginning September 20, 1992, because Perry was an habitual traffic offender under RCW 46.65. The notice was mailed to 7531 Nooksack Rd., Everson, WA 98247. Perry's address of record with the Department of Licensing from September 30, 1989, to at least October 7, 1996, was 3117 W. Maplewood, Bellingham, WA 98225.
On December 9, 1993, Perry was cited for driving while license suspended in the first degree. On October 27, 1994, Perry was stopped for a traffic infraction and, when questioned by the police officer, said that he knew that he was not supposed to be driving. On February 13, 1995, Perry pled guilty to driving while license suspended in the first degree for the first citation that he received on December 9, 1993. On October 7, 1996, he was convicted of driving while license suspended in the first degree for the second citation, received on October 27, 1994.
On September 4, 1997, the superior court reversed Perry's conviction for the October 27, 1994, citation. The record does not provide the source of the Nooksack Road address; no citation or other written document shows that address. There is no indication of why the notice was sent to the Nooksack Road address. No evidence suggests that Perry received the notice mailed to Nooksack Road. The record is silent on whether the notice was returned. The court found, as a matter of law, that the revocation of Perry's license was not effective because the Department did not comply with the statutory notice requirements of the habitual offender statute. The State appeals.

ANALYSIS
A. Statutory Notice Requirements
The habitual offenders statute requires that the Department notify an offender of revocation of his or her license and provide information on the right to a hearing:
Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender, as defined in RCW 46.65.020, the department shall forthwith notify the person of the revocation in writing by certified mail at his or her address of record as maintained by the department..... Notices of revocation shall inform the recipient thereof of his or her right to a formal hearing and specify the steps which must be taken in order to obtain a hearing. Within fifteen days after the notice has been given, the person may, in writing, request a formal hearing. If such a request is not made within the prescribed time the right to a hearing is waived. A request for a hearing stays the effectiveness of the revocation.
RCW 46.65.065(1). The Department may stay a revocation under particular circumstances:
[T]he department may stay the date of the revocation if it finds that the traffic offenses upon which it is based were caused *8 by or are the result of alcoholism and/or drug addiction as evaluated by a program approved by the department of social and health services, and that since his or her last offense he or she has undertaken and followed a course of treatment for alcoholism and/or drug treatment in a program approved by the department of social and health services; ....
RCW 46.65.060.
Any notice regarding the revocation of a driver's license that is mailed to the licensee's address of record is effective regardless of whether the notice is received. See RCW 46.20.205. The licensee is required to notify the Department in writing of a change of address, and this is the exclusive means whereby the Department's address of record is changed. See id.
B. Due Process Requirements
A state that seeks to terminate an individual's driving privileges must provide notice and an opportunity to be heard before the termination becomes effective. See Bell v. Burson, 402 U.S. 535, 542, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); see also State v. Storhoff, 133 Wash.2d 523, 527, 946 P.2d 783 (1997). "The notice must be reasonably calculated to inform the affected party of the pending action and of the opportunity to object." State v. Dolson, 91 Wash.App. 187, 190, 957 P.2d 243 (1998), review granted, 137 Wash.2d 1001, 972 P.2d 465 (1999). The State has the burden of demonstrating that revocation of an individual's license complied with due process. See Storhoff, 133 Wash.2d at 527, 946 P.2d 783. To establish a due process violation, an individual must at least allege that the violation caused deprivation of notice or the opportunity to be heard; that is, the individual must show some prejudice. See id. at 527-28, 532, 946 P.2d 783.
Perry argues that he was deprived of due process because the Department failed to provide him with adequate notice and an opportunity to be heard prior to revoking his license. He relies on Bell and State v. Baker, 49 Wash.App. 778, 745 P.2d 1335 (1987), abrogated by statute as recognized in State v. Rogers, 127 Wash.2d 270, 276-77, 898 P.2d 294 (1995). In Baker, the Department mailed notice of its intent to suspend Baker's license to the address he provided when he applied for his license, that is, to the Department's address of record. 49 Wash.App. at 780, 745 P.2d 1335. Baker did not learn of the suspension until several months later when he was stopped for a traffic infraction. See id. at 779, 745 P.2d 1335. Baker argued that the notice should have been sent to a later address that he had provided when cited for an earlier traffic infraction. See id. at 779-80, 745 P.2d 1335. The Court of Appeals held that the notice mailed to the older address of record was insufficient in light of the Department's knowledge of Baker's most recent address. See id. at 782, 745 P.2d 1335. The State argued that Baker should have stopped driving once he had notice of the suspension and filed an administrative challenge to the suspension. See id. The Court responded:
The State suggests a prudent procedure to follow, but the issue before us is whether Mr. Baker's license was validly suspended. Procedural due process is required before a license suspension becomes effective. Bell v. Burson, supra.

Id. at 782-83, 745 P.2d 1335. The Legislature relieved the Department of the obligation imposed by Baker to keep track of the licensee's most recent address on record by providing that (1) the exclusive means of updating the Department's address of record is by written notice from the licensee, and (2) notices mailed to the address of record are deemed effective regardless of the licensee's failure to receive it. See RCW 46.20.205. Thus, Baker's holding that due process requires notice mailed to the licensee's most recent address was abrogated by statute, but the rule that due process is required before suspension becomes effective stands.
The State acknowledges that Perry did not receive statutory notice of revocation of his license. Relying solely on State v. Vahl, 56 Wash.App. 603, 784 P.2d 1280 (1990), the State argues that Perry had either actual or constructive notice of the revocation sufficient to satisfy due process.
Vahl raised a due process challenge to her conviction for driving while an habitual traffic offender. See Vahl, 56 Wash.App. at 604, 784 P.2d 1280. The Department sent by certified mail a notice of revocation to the *9 address shown for Vahl in Department records. See id. at 604, 784 P.2d 1280. The notice was returned marked "unclaimed", which means that the Post Office had no forwarding address for the addressee, had not been informed that the addressee had moved, and the article was not picked up in 15 days. See id. at 606-07, 784 P.2d 1280. Vahl's citation showed a different address than that which the Department had. See id. at 605, 784 P.2d 1280. She did not say if or when she had moved and did not contend that the notice was sent to an incorrect address. See id. Vahl argued only that due process required proof of actual notice, that is, a signed return receipt. See id. at 606, 784 P.2d 1280.
The Vahl court was not persuaded. Analogizing refusal to claim certified mail to the refusal to accept in-hand service, which cannot defeat jurisdiction, the court explained that notice cannot be defeated by refusing to claim certified mail. See id. at 607, 784 P.2d 1280. Due process does not give a defendant veto power over the State's case. See id. Noting that actual notice had not been established, the court found that Vahl had constructive notice of the revocation. See id. at 609, 784 P.2d 1280. "Constructive notice may be subdivided into: (a) Where there exists actual notice of matter, to which equity has added constructive notice of facts, which an inquiry after such matter would have elicited; and (b) where there has been a designed abstinence from inquiry for the very purpose of escaping notice." See id. at 609, 784 P.2d 1280 (quoting BLACK'S LAW DICTIONARY 957 (5th ed.1979)) (emphasis by the court). The court found that Vahl had constructive notice in both senses. See id. First, "she had actual notice of matters to which the law may equitably add constructive notice of facts which would have been discovered upon reasonable inquiry" because (1) she had received the three citations that resulted in the revocation, (2) revocation was mandatory under the law and she was presumed to know the law, and (3) she apparently received actual notice of the certified mail. Id. Second, Vahl had apparently refused to claim the certified mail for the purpose of avoiding notice. See id. The court held that "notice by certified mail to the correct address as shown in department records at the time of the mailing satisfies the State's burden of proof under [the statute]." Id. at 610, 784 P.2d 1280.
The State first asserts that Perry received actual notice of the revocation on December 9, 1993, when he was first cited for driving while license suspended, but argues primarily that Perry had constructive notice. The State contends that Perry is presumed to know the law and presumed to know that his convictions brought him under the habitual offenders statute. The State further argues that Perry's citation on December 9, 1993, for driving while license suspended puts any reasonable person on notice of the fact of revocation and determination of that fact could be made by "reasonable inquiry" at the local Department of Licensing.
But the instant case is factually distinguishable from Vahl. First, Vahl's notice was sent to an address contained in Department records. But here, the State has put forth no Department record or any written document showing the Nooksack Road address to which Perry's notice was sent. Thus, the Department fails to meet its burden as stated by the Vahl court. Second, no evidence suggests that Perry avoided notice. Finally, although Perry's December 9, 1993, citation may have put Perry on notice as to the fact of the revocation, it does not inform him of the opportunity to be heard nor afford him this opportunity pre-revocation.
The most recent case to address the issue presently before us is Dolson. See 91 Wash. App. 187, 957 P.2d 243. In that case, the Department mailed Dolson's notice of revocation in May 1990 to an address that Dolson had recently provided upon arrest rather than, as the statute requires, to the Department's address of record formally provided by Dolson to the Department. See id. at 189, 957 P.2d 243. The notice was returned unclaimed. See id. Between 1992 and 1995, Dolson was convicted four times for driving while license suspended. See id. After another conviction in 1996 for the same, Dolson appealed, and the superior court reversed on the theory that the 1990 revocation was ineffective because it was not mailed to the address that Dolson formally supplied to the Department. See id. at 190, 957 P.2d 243.
*10 The Court of Appeals disagreed, rejecting the argument that the technical statutory violation rose to a constitutional violation of due process. See id. at 191, 957 P.2d 243. The court found that Dolson demonstrated no prejudice because he did not show that he would have received the notice had it been mailed to the address of record. See id. at 192, 957 P.2d 243. Rather, the department's procedure was more likely to provide Dolson with actual notice than was the statutory procedure. See id. Therefore, due process was satisfied. See id. The court also rejected Dolson's argument that the revocation was ineffective absent strict compliance with statutory process. See id. Finally, the court found that even if the notice was constitutionally inadequate, Dolson had constructive notice. See id. at 194, 957 P.2d 243. Relying on Vahl, the court found that Dolson's several convictions for driving while license suspended, numerous letters sent by the Department explaining his revoked status, and his awareness that his license was suspended constituted constructive notice of his habitual offender status. See id. at 194-95, 957 P.2d 243. The court concluded: "He had an opportunity to raise his due process claim during the adjudication of his first conviction for driving while license revoked in the first degree in 1992. Having had notice and opportunity, he cannot seriously argue a due process violation here." Id. at 195, 957 P.2d 243.
Again, the instant case is factually distinguishable. There is no evidence in the record showing that the Nooksack Road address was at any time provided by Perry or that it was contained in Department records. A notice sent to an apparently arbitrary address is not reasonably calculated to inform an individual of revocation or the opportunity to be heard and is not constitutionally adequate.
This case turns on whether Perry had constructive notice because of his December 9, 1993, citation for driving while license suspended. As discussed above, the citation may have served to place Perry on notice of the fact of revocation but did not afford him his pre-revocation opportunity to be heard. In response, the State argues that Perry was on notice as of December 9, 1993, and had 15 days from that date to request a hearing under the statute. Noting that the citation occurred over a year after the failed notice of revocation, the trial court's observation regarding this argument denoted skepticism:
The Court: ... So what if he had then inquired of the state that he had just been notified by the officer I had been revoked, I want my hearing within 15 days.
[The State]: He would get it. He would get it according to the Vahl court. He would get it.
....
The Court: Do you really think the Department of Licensing would give a hearing if he wrote to them? Do you really believe that there is anything in the record to support that.
[The State]: The law says so.
The Court: No. The law says when the letter is sent. I will bet you a dollar, in fact, I will bet you half my salary that when DOL says your license is suspended on September the 20th, you have got 15 days from today's date to request a hearing, when that 15 days run the Department of Licensing would tell them, if they wrote a year later, you're too late.
Verbatim Report of Proceedings at 15, 16.
We share the trial court's skepticism. The initial citation was evidence that the Department considered Perry's license already revoked. Constructive notice that his license had already been revoked did not give Perry a pre-revocation opportunity to be heard. Furthermore, Perry's adjudication of his first citation, which occurred after he received the citation now on appeal, offered Perry a post-revocation opportunity to claim a due process violation but did not offer a pre-revocation opportunity to prevent or stay the revocation.[1] In light of the fact that a revocation may be stayed under certain conditions, see RCW 46.65.060, this distinction is not meaningless.
*11 Although Perry undoubtedly became aware on December 9, 1993, that his license was revoked, he was denied a pre-revocation opportunity to be heard, as required by Bell, to contest the revocation. We affirm.
ELLINGTON and BECKER, JJ., concur.
NOTES
[1] This argument was not squarely before the court in Dolson; therefore, we do not consider the constructive notice analysis in Dolson to control this case.