147 P.3d 553 (2006)
STATE of Washington, Respondent,
v.
Mark P. NELSON, Petitioner.
No. 77629-6.
Supreme Court of Washington, En Banc.
Argued June 27, 2006.
Decided November 22, 2006.
Mick Woynarowski, The Defender Association, Seattle, for Petitioner.
Deanna Jennings Fuller, King County Prosecutor's Office, Seattle, for Respondent.
OWENS, J.
¶ 1 Petitioner Mark P. Nelson seeks reversal of his conviction for driving with a suspended or revoked driver's license in the first degree. Nelson argues the conviction should be reversed because the Department of Licensing *554 (DOL) revoked his driver's license without providing constitutionally sufficient notice. We affirm Nelson's conviction because DOL's process for revoking Nelson's driver's license was reasonably calculated to put Nelson on notice of the pendency of the revocation and, therefore, provided Nelson with adequate procedural due process.

Facts
¶ 2 On December 10, 2000, Nelson was stopped for driving under the influence. His driver's license was suspended because he refused to take a breath test. From December 10, 2000, until April 12, 2001, Nelson was in custody at the King County North Rehabilitation Facility (NRF). On January 3, 2001, while at the NRF, Nelson sent an inquiry to DOL asking for information about how Nelson could have his driver's license reinstated. Thereafter, on March 16, 2001, after determining that Nelson was an habitual traffic offender, DOL sent an order of revocation by certified mail to Nelson's address of record, which was a residence in Kirkland. The order provided that Nelson's license was revoked for seven years. The revocation was effective as of April 15, 2001, three days after Nelson was released from the NRF. On April 16, 2001, four days after Nelson's release from the NRF, the order of revocation was returned "unclaimed" to the DOL mailroom.
¶ 3 Subsequently, on June 11, 2002, Nelson was arrested for driving with a suspended or revoked driver's license in the first degree. This charge requires the State to prove that the defendant is an habitual traffic offender. RCW 46.20.342(1)(a). To satisfy this requirement, the State relied on the order of revocation sent on March 16, 2001. King County District Court found Nelson guilty as charged. Nelson appealed to King County Superior Court, which affirmed Nelson's conviction. Division One of the Court of Appeals denied discretionary review. We granted discretionary review.

Issue
¶ 4 Did DOL deprive Nelson of procedural due process when it sent notice of Nelson's driver's license revocation only to Nelson's address of record and not to the NRF, where DOL knew that Nelson had previously been incarcerated?

Analysis
¶ 5 Standard of Review. Nelson claims that DOL failed to provide procedural due process when it revoked his driver's license. We review this constitutional challenge de novo. See City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004).
¶ 6 Procedural Due Process. A driver's license is a property interest protected by the due process clauses of the United States and Washington Constitutions. State v. Dolson, 138 Wash.2d 773, 776-77, 982 P.2d 100 (1999) (citing Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971)). Thus, before a driver's license may be revoked, the government must provide the licensee with "`notice and opportunity for hearing appropriate to the nature of the case.'" Olympic Forest Prods., Inc. v. Chaussee Corp., 82 Wash.2d 418, 422, 511 P.2d 1002 (1973) (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). However, "[d]ue process does not require that a property owner receive actual notice before the government may take his property." Jones v. Flowers, ___ U.S. ___, 126 S.Ct. 1708, 1713, 164 L.Ed.2d 415 (2006). Instead, the notice must be "`reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Jones, 126 S.Ct. at 1713-14 (quoting Mullane, 339 U.S. at 314, 70 S.Ct. 652); see also City of Redmond v. Arroyo-Murillo, 149 Wash.2d 607, 612, 70 P.3d 947 (2003). Notice is reasonably calculated if "`[t]he means employed [are] such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.'" Jones, 126 S.Ct. at 1715 (quoting Mullane, 339 U.S. at 315, 70 S.Ct. 652). The State bears the burden of proving that a driver's license revocation complied with due process. Arroyo-Murillo, 149 Wash.2d at 612, 70 P.3d 947.
*555 ¶ 7 The State argues that it satisfied due process requirements because it followed the statutory requirements for providing notice of a driver's license revocation. The revocation proceeded pursuant to the following statute:
Whenever a person's driving record, as maintained by the department, brings him or her within the definition of an habitual traffic offender . . . the department shall forthwith notify the person of the revocation in writing by certified mail at his or her address of record as maintained by the department.

RCW 46.65.065(1) (emphasis added).[1] The State claims that compliance with this statutory notice requirement provided Nelson with sufficient procedural due process. For this proposition, the State relies on this court's statement that "[t]o establish a violation of due process, Defendants must at least allege that the incorrect DOL revocation notices deprived them of notice and/or an opportunity to be heard." State v. Storhoff, 133 Wash.2d 523, 527, 946 P.2d 783 (1997); see also State v. Perry, 96 Wash.App. 1, 5, 975 P.2d 6 (1999) (per curiam). Nelson concedes that the State followed the statutory procedures for license revocations. However, despite statutory compliance, Nelson argues that the notice violated due process because it was not reasonably calculated to inform him of the pendency of the revocation.
¶ 8 We agree with Nelson that the State's statutory compliance does not preclude Nelson from bringing this as-applied procedural due process challenge. See Jones, 126 S.Ct. at 1716. In Jones, the State of Arkansas mailed two certified notices of property tax delinquency to the address maintained for Jones in the State's records. Id. at 1712-13. Both letters were returned "unclaimed." Id. Ultimately, the property at issue was seized. Id. at 1713. Jones contested the seizure, claiming that the State's failure to provide adequate notice of his right to redemption deprived him of due process. Id. Despite compliance with Arkansas' statutory notice provision, the Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." Id. The Jones decision instructs us "to consider unique information about an intended recipient regardless of whether a statutory scheme is reasonably calculated to provide notice in the ordinary case." Id. at 1716; see also Robinson v. Hanrahan, 409 U.S. 38, 38-39, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972) (per curiam) (holding that notice of a property forfeiture was inadequate despite compliance with Illinois' forfeiture statute because the State knew that the appellant was incarcerated at the time the notice was sent); Covey v. Town of Somers, 351 U.S. 141, 146-47, 76 S.Ct. 724, 100 L.Ed. 1021 (1956) (holding that statutorily compliant notice of a tax foreclosure did not provide procedural due process because the State knew that the recipient was incompetent and that no guardian had been appointed).
¶ 9 Considering the unique circumstances of the present case, we hold that the notice DOL sent to Nelson's address of record was sufficient to satisfy the demands of due process. In the cases discussed above, the Court found that the notice was inadequate because the State had actual knowledge that the notice would be ineffective and failed to take practicable additional steps to provide effective notice. Unlike in Jones, Robinson, and Covey, in the present case, the State did not know that the notice sent to Nelson's address of record was ineffective until after the revocation became operative. Moreover, because the NRF is only a temporary detainment facility, the inquiry that Nelson sent in January 2001 did not put DOL on notice that Nelson would still be at the NRF in March 2001 when it sent the order of revocation to Nelson's address of record. In addition, by the time the State learned that Nelson had not received the notice, Nelson had already been released from the NRF. Under these circumstances, DOL's failure to take additional steps to put *556 Nelson on notice was reasonable. DOL was not required to track down Nelson once he was released from the NRF. Such "[a]n open-ended search for a new address" imposes too great a burden on DOL. Jones, 126 S.Ct. at 1719. Accordingly, we reject Nelson's as-applied due process challenge and affirm Nelson's conviction.[2]

Conclusion
¶ 10 Considering the unique circumstances of the present case, we hold that the notice sent to Nelson's address of record was reasonably calculated to provide Nelson with notice of the pendency of his driver's license revocation. Accordingly, we reject Nelson's as-applied procedural due process challenge and affirm Nelson's conviction for driving with a suspended or revoked license in the first degree.
Chief Justice GERRY L. ALEXANDER, Justice BARBARA A. MADSEN, Justice BOBBE J. BRIDGE and Justice MARY E. FAIRHURST, concur.
CHAMBERS, J. (concurring).
¶ 11 The question before us is whether the Department of Licensing's (Department) attempt to notify Mark Nelson of his license revocation and his right to a hearing satisfied due process of law. I concur with the majority that it did. While the Department could have done more to ensure Nelson received actual notice, Nelson got the process due him. Cf. City of Redmond v. Arroyo-Murillo, 149 Wash.2d 607, 620, 70 P.3d 947 (2003) (Chambers, J., concurring). Nelson does not challenge the accuracy of the address of record, and I agree with the majority that under our jurisprudence, a certified letter to the address of record gives sufficient notice. See id. at 615-16, 70 P.3d 947.
¶ 12 The legislature has laid out the framework for address changes in RCW 46.20.205. While the Department has the authority to implement this statute by regulation, any regulations must be consistent with the statute. Id. I write separately because, as I stated in my concurrence in Arroyo-Murillo, I fear the implementing regulations are inconsistent with this statute.
¶ 13 The relevant part of the statute says:
(1) Whenever any person after applying for or receiving a driver's license or identicard moves from the address named in the application or in the license or identicard issued to him or her, the person shall within ten days thereafter notify the department of the address change. The notification must be in writing on a form provided by the department and must include the number of the person's driver's license. The written notification, or other means as designated by rule of the department, is the exclusive means by which the address of record maintained by the department concerning the licensee or identicard holder may be changed.
(a) The form must contain a place for the person to indicate that the address change is not for voting purposes. The department of licensing shall notify the secretary of state by the means described in *RCW 29.07.270(3) of all change of address information received by means of this form except information on persons indicating that the change is not for voting purposes.
RCW 46.20.205(1)(a) (emphasis added). Any regulation must be consistent with the statute. Thus, at least, it must be (1) "in writing on a form provided by the department," it (2) "must include the number of the person's driver's license," and it (3) must "contain a place for the person to indicate that the address change is not for voting purposes." Id. Therefore, the possessor of the driver's license or identification card must initiate, or at least participate, in any address change. The legislature has not authorized the Department to vary that requirement. It has merely given the Department authority to draft the forms and, perhaps, to allow electronic address updates.
¶ 14 But the Department has varied those requirements. It has promulgated a rule authorizing itself to change a licensee's address *557 of record based on a document "[f]iled by a public official or governmental agency." WAC 308-104-018(1)(b)(iii). That simply does not meet the statutory standards. Compare RCW 46.20.205(1)(a) with WAC 308-104-018.
¶ 15 People often use multiple addresses for various reasons. Licensees have a legal obligation to keep the Department up-to-date on their addresses of record, but no legal obligation to use the same address for every purpose. To ensure that the Department has accurate addresses, a change should be a formal process initiated by the licensee, not merely a process triggered by some address happening to fall into the hands of some state agent. See RCW 46.20.205.
¶ 16 But in this case, the Department sent notice to Nelson's address of record, and Nelson does not claim that address was incorrect. Because notice to the address of record meets due process requirements, Nelson has not shown that he was deprived of due process of law. See Arroyo-Murillo, 149 Wash.2d at 619, 70 P.3d 947.
¶ 17 With those observations, I concur with the majority.
J.M. JOHNSON, J. (dissenting).
¶ 18 Department of Licensing (DOL) violated Mark P. Nelson's constitutional right to due process when it failed to provide Mr. Nelson a hearing notice reasonably calculated to reach him before it revoked his driver's license. While the majority correctly cites the law governing this case, I believe a careful review of the facts demonstrates that Mr. Nelson's right to due process was violated. I dissent.
¶ 19 Mr. Nelson's address of record as shown on his driver's license was a residence in Kirkland. However, on December 10, 2000, Mr. Nelson was booked into the North Rehabilitation Facility (NRF) to serve sentences and receive alcohol treatment. On January 3, 2001, while he was residing at NRF, Mr. Nelson sent a driver's license inquiry form to DOL (DOL received the document on January 11, 2001). The inquiry stated:
My driver's license has been suspended or revoked. Would you please send me complete information about everything I need to do to have my license reinstated. Thank you for your assistance with this matter.
Clerk's Papers at 91. The inquiry contained Mr. Nelson's date of birth, license number, and signature. The inquiry also contained the following statement:
If I have filled in the return address box below, please send the information there, otherwise please send to the North Rehabilitation Facility (NRF) address listed above.

Id. (emphasis added). The return address box was blank, thus indicating he should be contacted at NRF.
¶ 20 On March 16, 2001, DOL sent via certified mail an order of revocation to Mr. Nelson at his Kirkland home address instead of to his NRF address. The order directed Mr. Nelson to stop driving because his driving privilege was revoked as an habitual traffic offender. In addition to the order, a hearing request form was enclosed, which notified Mr. Nelson that if he desired a hearing he must file such a request by March 31, 2001.
¶ 21 When the order was sent, Mr. Nelson was incarcerated at NRF, as he had advised DOL. Thus, the order was not delivered and was returned to DOL, unopened, on April 16, 2001.
¶ 22 On June 11, 2002, the King County prosecuting attorney filed a complaint in district court accusing Mr. Nelson of driving while license suspended/revoked in the first degree, pursuant to RCW 46.20.342(1)(a).
¶ 23 Prior to trial, Mr. Nelson made a motion to dismiss for violation of due process, citing State v. Dolson, 138 Wash.2d 773, 982 P.2d 100 (1999); City of Redmond v. Arroyo-Murillo, 149 Wash.2d 607, 70 P.3d 947 (2003) discussed below. Mr. Nelson argued that DOL did not mail the order of revocation to an address that was reasonably calculated to inform Mr. Nelson of the revocation. The district court denied Mr. Nelson's motion to dismiss.
*558 ¶ 24 At trial, Mr. Nelson asserted that he did not have actual knowledge that his license was suspended and that he was prejudiced because he was unable to request a hearing. However, on January 30, 2003, Mr. Nelson was convicted of driving while license suspended/revoked in the first degree (RCW 46.20.342(1)(a)) in King County District Court.
¶ 25 Mr. Nelson makes an "as applied" challenge that his due process rights were violated because DOL did not send a notice that was reasonably calculated to reach him (he does not argue that actual notice is necessary).
¶ 26 "An as-applied challenge to the constitutional validity of a statute is characterized by a party's allegation that application of the statute in the specific context of the party's actions or intended actions is unconstitutional." City of Redmond v. Moore, 151 Wash.2d 664, 668-69, 91 P.3d 875 (2004). If we hold a statute unconstitutional as applied, future application of the statute in a similar context is prohibited but the statute is not totally invalidated. Id. at 669, 91 P.3d 875.
A driver's license cannot be revoked without due process of law. Due process requires that the license holder be given notice and an opportunity to be heard prior to the revocation. The notice must be "reasonably calculated to inform the affected [sic] party of the pending action and of the opportunity to object." The State bears the burden of proving that the revocation complied with due process. If the revocation does not comply with due process, it is void.
Arroyo-Murillo, 149 Wash.2d at 612, 70 P.3d 947 (alteration in original) (citations omitted) (quoting Dolson, 138 Wash.2d at 777, 982 P.2d 100).
¶ 27 In Arroyo-Murillo, the petitioner argued, like Mr. Nelson here, that to comply with the requirements of due process DOL should have sent the notice of revocation to two addresses. Arroyo-Murillo, 149 Wash.2d at 611, 70 P.3d 947. In that case, DOL sent petitioner an order of revocation and a hearing request form to petitioner's address of record at "921 139th Avenue NE" (921 address). Id. at 610, 70 P.3d 947. DOL had obtained the 921 address and updated its records based on a traffic ticket that was issued to petitioner and forwarded to the DOL. Id. Prior to the traffic ticket, petitioner's address of record, "15500 NE 11th Street," was based on the identicard (identification card) application submitted to DOL. Id. When DOL revoked petitioner's license it sent the order of revocation only to the 921 address. Id. Petitioner argued that his due process rights were violated because DOL sent the notice of revocation only to the 921 address when it should have sent it to both the 921 address and the 15500 address. Id. at 611, 70 P.3d 947.
¶ 28 This court held that there is nothing in either RCW 46.20.205 or 46.65.065 that requires DOL to send the notice to addresses other than the address of record. Id. at 617, 70 P.3d 947. However, the court expressly noted that petitioner was not making an "as applied" constitutional challenge. See id. at 617 n. 8, 70 P.3d 947.
¶ 29 Mr. Nelson is now making an as applied challenge, arguing that because DOL had actual knowledge that Nelson was incarcerated at NRF, DOL should have either sent the notice to that address (which he had furnished to DOL) or investigated whether he was still incarcerated. The United States Supreme Court has ruled in a similar case.
¶ 30 In Robinson v. Hanrahan, 409 U.S. 38, 93 S.Ct. 30, 34 L.Ed.2d 47 (1972), the United States Supreme Court decided that an imprisoned appellant did not receive due process when the State sent forfeiture notices to his home address rather than to the jail facility at which he was held. The Illinois vehicle forfeiture statute authorized service of notice by certified mail to the address as listed in the records of the Secretary of State. Id. at 38 n. 1, 93 S.Ct. 30, n 1. The Court noted that the State knew appellant was not at the address to which the notice was mailed, and the State also knew appellant could not get to that address since he was, at that very time, confined in the county jail. Id. at 40, 93 S.Ct. 30. Thus, the Supreme Court held that the State violated appellant's due process rights because it had not provided notice reasonably calculated to *559 apprise appellant of the proceedings and the State knew that appellant was incarcerated when the notice was sent. Id.
¶ 31 In the instant case, Mr. Nelson was imprisoned at the time DOL mailed the order of revocation. Moreover, Mr. Nelson had contacted DOL before the order was sent giving DOL actual knowledge of his location at NRF. This letter put DOL on notice that Mr. Nelson should be contacted at that facility and would not be reachable at his address of record. The return to DOL of its notice as undeliverable further confirmed that conclusion. In order for DOL to give notice that was reasonably calculated to inform Mr. Nelson of the revocation, DOL should have first determined whether Mr. Nelson was still detained at NRF (an easy inquiry). When it determined that Mr. Nelson was still at NRF, DOL should have sent the order of revocation to NRF and to his address of record. This is not unduly burdensome, especially where Nelson advised DOL of his facility address.
¶ 32 This court has previously stated that while the "inconvenience of sending multiple notices to one license holder may be minimal, the cumulative effect of requiring the DOL to do so for all revocation notices would be onerous." Arroyo-Murillo, 149 Wash.2d at 618, 70 P.3d 947. But here, DOL need not send multiple notifications to every person, just Mr. Nelson and the few persons in similar situations. When balancing the burden on DOL with the violation of Mr. Nelson's due process rights, the balance favors protection of constitutional due process rights.
¶ 33 I would follow the United States Supreme Court's reasoning in Robinson v. Hanrahan and find that DOL violated Mr. Nelson's due process rights because it did not send notice that was reasonably calculated to reach him. These constitutional rights must be vigorously protected from government. I dissent.
Justice CHARLES W. JOHNSON and Justice RICHARD B. SANDERS, concur.
NOTES
[1] A licensee has the obligation to update his or her "address of record" with the DOL. RCW 46.20.205(1).
[2] Because we resolve this case in the State's favor without the need for supplemental evidence, we do not consider the State's motion to supplement the record or Nelson's motion to strike the additional evidence provided in the State's briefing.