**FILED**
**FEBRUARY 6, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34984-5-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| CALEB G. TOWNSEND, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — A criminal defendant faced with allegations of violating the terms

of a plea agreement is entitled to an evidentiary hearing. This evidentiary hearing right is

rooted in the constitutional right to due process. As such, it cannot be waived by silent

acquiescence.  Instead, the State has a heavy burden of proving a defendant has intelligently, knowingly, and voluntarily waived the right to a hearing.

The trial court found Caleb Townsend in violation of his plea agreement without first holding an evidentiary hearing.  Although Mr. Townsend did not affirmatively request an evidentiary hearing, he also did not say or do anything to suggest he agreed with the court's summary procedure.  To the contrary, Mr. Townsend protested his innocence.  Under the circumstances presented in this case, the State has not proved Mr. Townsend waived his hearing rights.  Mr. Townsend's judgment and sentence is therefore reversed, and this matter is remanded for an evidentiary hearing.

## FACTS

Caleb Townsend pleaded guilty to two felony charges pursuant to a plea agreement.  The agreement held considerable value for Mr. Townsend, as the prosecutor agreed to recommend a sentence well below the standard range.  For his part, Mr. Townsend agreed to abide by all release conditions, including a requirement that he "[c]ommit no law violations" while awaiting sentencing.  Clerk's Papers at 29.  The agreement specified that if Mr. Townsend failed to live up to his side of the bargain, the parties would jointly recommend a sentence of 61 months' incarceration, the high end of the standard range.

2

Subsequent to his plea, Mr. Townsend was arrested on new felony allegations.

According to a probable cause affidavit, Mr. Townsend admitted to at least some law

violations during a post-arrest police interview.[1]  A warrant was then issued for Mr.

Townsend's violation of his release terms.

Mr. Townsend's case proceeded to sentencing.  The prosecutor began his remarks

by stating Mr. Townsend had breached the parties' plea agreement and, as a result, the

State recommended 61 months' imprisonment.  In response to defense counsel's

argument that proof of Mr. Townsend's breach could only be sustained through evidence

of a conviction, the prosecutor claimed the court could go forward on the existing record.

The prosecutor had earlier argued the court only needed to find a law violation by a

preponderance of the evidence and that this determination had already been made when

the court issued a warrant for Mr. Townsend's release violations.[2]

The court ruled that because the probable cause affidavit stated Mr. Townsend had

admitted to some law violations, there was adequate proof Mr. Townsend had breached

the plea agreement.  Prior to making this ruling, the court did not hear from any

---

[1] The identity of the affiant officer is not apparent from the record.  The signature
and handwriting of the name on the affidavit is undecipherable.  The State did not identify
the affiant officer during Mr. Townsend's proceedings.  The affidavit does include a
notation that the officer's badge number is 714.
[2] The failure to comply warrant is not in the record.

witnesses. No evidence was entered into the record. And Mr. Townsend was not invited to present evidence or testimony in his defense.

The court then continued to sentencing. Both parties made sentencing recommendations and, at the conclusion of counsels' comments, Mr. Townsend was invited to speak. Mr. Townsend described his work in the community and stated:

> I'm not—I'm not guilty of these crimes, Your Honor, and I know I can—I can—that's what they're claiming, and I know it's not—it's not proof in any way to state that, but I wanted to say my piece and say that I'm not—I'm not a hardened criminal. I'm not—I don't know. I don't feel that I deserve the 61 months, Your Honor, and I don't feel I'm guilty of these crimes.
> I'd like to state that I did hire private counsel for those other charges to be dealt with. I think that's it, Your Honor. Thank you.

Verbatim Report of Proceedings (Dec. 21, 2016) at 28.

The trial court responded that it was "impressed" with Mr. Townsend's demeanor and that "[h]e's certainly entitled to his opinion on whether or not there's sufficient proof here. Nonetheless, the court has made the ruling on the plea agreement, and in fact there has been a breach of that." *Id.* No further inquiry was made. Mr. Townsend appeals.

ANALYSIS

A plea agreement is a contract with constitutional implications. *In re Pers. Restraint of Lord*, 152 Wn.2d 182, 188-89, 94 P.3d 952 (2004). If a defendant breaches a plea agreement, the State may rescind it. *State v. Thomas*, 79 Wn. App. 32, 36-37,

4

899 P.2d 1312 (1995). However, before doing so the State must prove breach by a preponderance of the evidence. *In re Pers. Restraint of James*, 96 Wn.2d 847, 850-51, 640 P.2d 18 (1982); *State v. Roberson*, 118 Wn. App. 151, 158-59, 74 P.3d 1208 (2003), *overruled in part on other grounds by State v. Hughes*, 154 Wn.2d 118, 110 P.3d 192 (2005). Due process requires the State's proof be presented during an evidentiary hearing, at which the defendant must have the opportunity to call witnesses and contest the State's allegations. *James*, 96 Wn.2d at 850-51; *Roberson*, 118 Wn. App. at 158-59.

Mr. Townsend argues the trial court improperly relieved the prosecution of its plea agreement obligations without either holding an evidentiary hearing or obtaining a valid waiver of his right to a hearing. Our review of these contentions is de novo. *State v. Nelson*, 158 Wn.2d 699, 702, 147 P.3d 553 (2006); *State v. Vasquez*, 109 Wn. App. 310, 319, 34 P.3d 1255 (2001), *aff'd*, 148 Wn.2d 303, 59 P.3d 648 (2002). As set forth below, we agree with Mr. Townsend.

*The court did not conduct an evidentiary hearing*

The trial court proceedings did not bear any of the hallmarks of an evidentiary hearing. No evidence was admitted. No testimony was taken. The State did not even make a record of the identity of the law enforcement officer who apparently signed Mr. Townsend's probable cause affidavit. While the requirements of due process are flexible,

5

Mr. Townsend's minimal due process right to "'be heard in person and to present witnesses and documentary evidence,'" *Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973) (*quoting Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), was not recognized prior to the trial court's violation determination.

It is no accident that the trial court proceedings failed to resemble an evidentiary hearing. None was intended. The prosecution presented its case under the assumption that the court's arrest warrant determination conclusively established Mr. Townsend's release violation. This approach was mistaken. The only type of evidence that can constitute conclusive proof of violation conduct is a felony judgment and sentence. *See* ER 803(22); *Seattle-First Nat'l Bank v. Cannon*, 26 Wn. App. 922, 615 P.2d 1316 (1980). If a felony conviction is obtained by a guilty verdict or unreserved plea, due process does not require additional proof of a defendant's violation conduct. *See Clark v. Baines*, 150 Wn.2d 905, 84 P.3d 245 (2004); *United States v. Williams*, 741 F.3d 1057 (9th Cir. 2014). However, an arrest warrant is not a felony conviction. Prior to the issuance of an arrest warrant, a defendant is not afforded the right to exercise any due process rights. As such, an arrest warrant is not a substitute for the due process right to an evidentiary hearing.

### *The State has not proved a valid waiver*

A defendant can waive the due process right to an evidentiary hearing. But because the hearing right is constitutional, waiver will not be presumed. *James*, 96 Wn.2d at 851. Silent acquiescence is not sufficient proof of waiver, even when an individual is represented by counsel. *Id.*; *State v. Stegall*, 124 Wn.2d 719, 730, 881 P.2d 979 (1994). Instead, the "State carries a heavy burden of demonstrating a voluntary, knowing, and intelligent waiver." *James*, 96 Wn.2d at 851.

Mr. Townsend never explicitly stated a desire to waive his due process hearing rights. To the contrary, the subject of an evidentiary hearing never came up because the court never offered the opportunity for an evidentiary hearing, as required by our case law. *Id.* at 850 (a defendant is to "be given an opportunity to call witnesses and have other due process rights"); *Roberson*, 118 Wn. App. at 158-59 ("the trial court *must* conduct an evidentiary hearing, at which the State must prove by a preponderance of the evidence that the defendant failed to perform his part of the agreement") (emphasis added).

Nor is there evidence of "an informed acquiescence" to the summary procedure used by the court. To prove informed acquiescence, the State would need to point to evidence in the record that counsel had consulted with Mr. Townsend about his hearing

rights prior to standing silent. *Stegall*, 124 Wn.2d at 731. No such evidence exists.

Without proof of Mr. Townsend's personal expression of waiver or informed acquiescence, the State cannot establish waiver. *Id*. at 730-31.[3] Silent acquiescence is simply insufficient. *Id*. While early cases from our Supreme Court suggested a defendant's failure to demand his or her constitutional rights might constitute waiver, those cases are "out of step with current case law, which requires that the government prove that a waiver of a constitutional right . . . is knowing and voluntary." *State v. Iniguez*, 167 Wn.2d 273, 294 n.11, 217 P.3d 768 (2009).

Even if we were writing from a clean slate, this would be an inappropriate case to find waiver through acquiescence. When he was invited to speak at sentencing, Mr. Townsend contested the State's violation allegation. He told the court he was innocent and that he wanted to fight the charges against him. Mr. Townsend's statements are not reflective of someone who had agreed with the court's process and did not wish for an evidentiary hearing. *See James*, 96 Wn.2d at 851 (no waiver when defendant contended he was not guilty of the alleged violations). Particularly given the plea agreement's substantial value to Mr. Townsend, caution was required to ensure Mr. Townsend wished

---

[3] Although *Stegall* involved an analysis of a defendant's waiver of a 12-person jury, it relied on *James* for setting the standard for waiver. *Stegall*, 124 Wn.2d at 730.

to give up his due process protections. *See Mathews v. Eldridge*, 424 U.S. 319, 341, 96

S. Ct. 893, 47 L. Ed. 2d 18 (1976) (the demands of due process increase with the level of

a litigant's potential hardship).

*Principles governing hearsay waiver are inapplicable*

The State claims we should look to *State v. Nelson*, 103 Wn.2d 760, 697 P.2d 579

(1985) for the proposition that Mr. Townsend waived his rights by silence. *Nelson*

involved a probation revocation hearing. The issue before the court was "whether

revocation can be based upon facts and conclusions contained in written hearsay reports

to which no objection was made." *Id*. at 761. Mr. Nelson received an evidentiary

hearing. In fact, Mr. Nelson called witnesses and even presented his own hearsay

evidence. Mr. Nelson's only argument on appeal was that the State's evidence should not

have included hearsay statements. The Supreme Court was not impressed with Mr.

Nelson's lopsided approach toward permissible hearsay evidence. Because there was no

objection to the State's use of hearsay, *Nelson* held there was no due process violation.

*Id*. at 766.

*Nelson*'s rule that a hearsay objection is waived unless preserved through objection

is unremarkable. Even during a criminal trial, when an accused's due process rights are

at their greatest, a defendant is expected to make a timely objection to the State's use of

hearsay evidence. *See State v. Smith*, 155 Wn.2d 496, 501, 120 P.3d 559 (2005). During

proceedings short of a criminal trial,[4] the State often relies on hearsay. *See State v.*

*Riddell*, 75 Wn.2d 85, 87, 449 P.2d 97 (1968). Unlike a hearing right itself, the right to

confront a hearsay declarant at a hearing is a limited privilege and may be denied for good

cause. *State v. Abd-Rahmaan*, 154 Wn.2d 280, 290, 111 P.3d 1157 (2005). It is

therefore unsurprising that a litigant should be expected to voice an objection prior to a

court's consideration of reliable hearsay evidence.

While *Nelson* held an accused must object to hearsay used at a revocation hearing,

the decision did not address whether a similar affirmative obligation applies to a

defendant's due process hearing rights. Had *Nelson* extended its analysis beyond the

evidentiary issue of hearsay to the fundamental right of an evidentiary hearing, it would

have overruled *James*. Yet *James* continues to be cited with favor by courts throughout

our state. *See, e.g.*, *Iniguez*, 167 Wn.2d at 294 n.11; *State v. Wakefield*, 130 Wn.2d 464,

481-82, 925 P.2d 183 (1996) (Sanders, J., concurring/dissenting); *State v. Bennett*,

42 Wn. App. 125, 128, 708 P.2d 1232 (1985); *Roberson*, 118 Wn. App. at 158-59; *State*

---

[4] Because similar rights are at stake in probation revocation, plea bargain
agreements, and pretrial diversion agreements, our courts have treated hearing rights
applicable to these contexts similarly. *See State v. Marino*, 100 Wn.2d 719, 725, 674
P.2d 171 (1984).

*v. Hall*, 32 Wn. App. 108, 109-10, 645 P.2d 1143 (1982). *James* remains good law. We will not reject it in favor of *Nelson*.

At bottom, the State's reliance on *Nelson* appears to conflate the right of cross-examination (which is implicated by hearsay evidence) with the right to a due process hearing. The two are not coextensive. Minimal due process requires more than simply the ability to challenge adverse evidence through confrontation. *See Morrissey*, 408 U.S. at 488-89. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 14 L. Ed. 2d 62 (1965)). What this means is a litigant has a right to a meaningful voice during an adjudicative process. That voice may be used simply to challenge the State's evidence. It also might present another side of the story. Unless a litigant is provided a meaningful opportunity to use his or her voice during a legal proceeding, there can be no due process.

*Remand is required*

Because Mr. Townsend was never provided an opportunity to present his position regarding the alleged plea agreement violation at an evidentiary hearing, reversal and remand are required. On remand, the trial court must either conduct an evidentiary hearing or obtain a valid waiver, consistent with the terms of this opinion.

11

Assuming no waiver occurs on remand, the State shall be tasked with proving, by a preponderance of the evidence, that Mr. Townsend violated the terms of his plea agreement. To establish a violation, the State need not necessarily produce proof of a criminal conviction. *See, e.g.*, *City of Aberdeen v. Regan*, 170 Wn.2d 103, 110-11, 239 P.3d 1102 (2010). Other evidence may be permissible, including hearsay. *Id*. However, should the State attempt to introduce hearsay evidence over Mr. Townsend's objection, there must be a showing of good cause, including the reliability of the hearsay evidence. *Nelson*, 103 Wn.2d at 764; *In re Pers. Restraint of Boone*, 103 Wn.2d 224, 691 P.2d 964 (1984).[5] Without a showing of good cause, Mr. Townsend must be afforded the right of confrontation.

Mr. Townsend's rights on remand are not limited to demanding the State present reliable evidence in support of its position. Unless the State is able to produce conclusive evidence of Mr. Townsend's violation through proof of a qualifying felony conviction, Mr. Townsend retains a due process right to present affirmative evidence in his own defense. This right encompasses the ability to present relevant witness testimony and to testify on his own behalf.

---

[5] Among other things, reliability requires the State to establish the identity of any hearsay declarants.

12

We note that, given the information proffered in the State's probable cause affidavit, it may not be difficult for the State to meet its burden on remand. However, Mr. Townsend's liability must not be presumed simply by virtue of the perceived strength of the State's case. Instead, Mr. Townsend is entitled to an evidentiary hearing.

## CONCLUSION

Caleb Townsend was deprived of his plea agreement's substantial benefits without first receiving an evidentiary hearing. Because the record lacks sufficient evidence that Mr. Townsend waived his hearing right, the judgment and sentence must be reversed. This matter is remanded for further proceedings, consistent with this opinion.

_____
Pennell, J.

I CONCUR:

_____
Fearing, C.J.

13

No. 34984-5-III

KORSMO, J. (dissenting) — Caleb Townsend did not challenge the format of the hearing held to determine whether he violated the terms of his plea agreement, most likely because he had no defense. The majority, in conflict with our court's earlier interpretation of the requirements of due process in *State v. Nelson*, 103 Wn.2d 760, 697 P.2d 579 (1985), creates a new obligation for the trial court to hear live testimony whether or not the parties desire it. There is no precedent for this approach.

The majority's error begins with a misreading of the *per curiam* decision in *In re James*, 96 Wn.2d 847, 640 P.2d 18 (1982).[1] There a plea agreement was revoked without the defense having the opportunity to contest the issue of the defendant's alleged breach of the agreement; instead, the parties argued at sentencing whether or not he deserved a probationary sentence. *Id*. at 848-49. The prosecutor refused to argue for probation as required by the plea bargain, and the defense attorney did not object, simply noting that the prosecutor had a predicament. *Id*. at 848. No hearing was conducted on whether Mr.

---

[1] *James* appears to be a one-justice opinion. Four justices, writing in two opinions, concurred in the result of the lead opinion. 96 Wn.2d at 852-57 (Utter, J., concurring); *Id*. at 857 (Hicks, J., concurring). Four justices dissented. *Id*. at 857-59 (Rosellini, J., dissenting). Nonetheless, no one disputes that *James* correctly states the standards at issue in this appeal.

James had in fact violated the plea agreement due to his arrest on two misdemeanor charges. *Id*.

Unsurprisingly, the court determined that Mr. James had a due process right to a hearing on whether or not he had violated his agreement. Canvassing other jurisdictions, our court noted the requirements of due process in this context:

> To ensure fairness, those jurisdictions have required, before relieving the State of its promises, that an evidentiary hearing be held and that the defendant be given an opportunity to call witnesses and have other due process rights, including the requirement that the State prove, by a preponderance of the evidence, that the defendant has failed to perform his or her part of the agreement.

*Id*. at 850. The court then concluded: "Like them, we believe such a procedure is constitutionally required." *Id*. The court also ruled that Mr. James had not waived his right to a hearing by failing to bring a motion to enforce the plea agreement or withdraw his guilty plea. *Id*. at 851.

Unlike *James*, and the majority's protestations to the contrary notwithstanding, there was a hearing in this case. The prosecutor noted a motion to determine that the defendant had violated the plea agreement by committing robbery and theft. Clerk's Papers (CP) at 64. Both parties filed briefs on the topic; the prosecutor's brief included the affidavit of probable cause prepared by one of the officers who had investigated Mr. Townsend's new offenses. CP at 21-37. The first 8 pages of the 11 page sentencing

transcript are devoted to argument and determination whether or not Mr. Townsend had violated his plea agreement.[2] Defense counsel argued that the unproven new allegations were insufficient to establish the State's burden. Report of Proceedings (RP) at 22-25. However, the court found by a preponderance of the evidence that Mr. Townsend had breached the plea agreement. RP at 26. The court then expressed its reasoning:

> And I would stress that the evidence to show that Defendant Mr. Townsend was on—did have knowledge of the wrongfulness of the conduct in using the credit card, aside from the robbery, which he didn't admit, has yet to be proven, nonetheless, it's quite clear and persuasive evidence that items were bought with the card. There was an admission of that. For purposes of this hearing, I believe the court can rely on that admission.
>
> So, I'll sign an order as appropriate, Mr. Nagy.

RP at 26.

After the evidentiary hearing, the matter immediately proceeded to sentencing. During his allocution, Mr. Townsend reiterated his innocence on the new charges as well as on the ones for which he was being sentenced. RP at 27-28.

Despite this record, the majority says there was no evidentiary hearing. This conclusion is apparently based on the fact that no live testimony was offered by either side, that the only evidence presented by the State was the affidavit, and that Mr.

---

[2] According to an unchallenged comment in the prosecutor's opening remarks, the defense had been planning to stipulate to the violation. Report of Proceedings at 18. This was probably predicated on the fact that Mr. James and his defense attorney had both been involved in the interview at which Mr. James admitted his involvement in some of the criminal activity he eventually was charged with. CP at 34.

Townsend said he did not commit the new offenses. None of those facts belies the hearing that took place. The trial judge read the evidence before him and heard the parties argue about the sufficiency of that evidence. He then made a finding, primarily based on Mr. Townsend's own admissions to the detectives, that he had (at a minimum) used a credit card taken during a robbery. The judge stated that decision on the record and explained why he made it. The court subsequently signed a written order determining that Mr. Townsend had violated the terms of the plea agreement. CP at 64-65.

There is no support in the authorities for reading the *James* "evidentiary hearing" requirement to mean "testimonial evidence hearing" as the majority apparently does. All that *James* recognizes is the "*opportunity* to call witnesses." 96 Wn.2d at 850 (emphasis added). An *opportunity* is not the same as a *requirement* that witnesses appear. If the *James* court had intended that witnesses be called, it would have said so. Instead, the court mandated only three things: (1) the trial court had to hold a hearing to determine if the breach occurred; (2) the State had to prove the breach by a preponderance of the evidence; and (3) the defense be given the *opportunity* to call witnesses. *Id*. (emphasis added). The only things mandated were the hearing and the burden of proof. The other details were left to the needs of the particular case.

Illustrative of this fact, and, indeed, controlling here, is *Nelson*. There the State sought to revoke a suspended sentence due to the defendant's failure to successfully

4

complete a sexual psychopathy program at Western State Hospital (WSH).  103 Wn.2d at

762.  The court described the procedure followed in the trial court:

> At the revocation hearing the State presented no witness; instead, it furnished to defense counsel and the court written reports from WSH staff. Those reports apparently stated that the defendant had not applied himself to the program and that he was unsafe to be at large.  One report concluded that defendant was not amenable to treatment and should be transferred to prison, while the other one concluded that defendant should remain at WSH.  Defense counsel made no objection to the use of these reports nor to the failure of the State to introduce them into the record.
> The defense presented affidavits from other participants in defendant's treatment group, live testimony from other inmates and defendant's mother, and quotes from staff reports.

*Id.*

On appeal, Mr. Nelson challenged the prosecution's reliance on written reports

rather than calling the WSH staff to testify.  The court issued two rulings on that aspect of

the case.  First, the court noted that hearsay (*i.e.*, documentary evidence) could be used at

a revocation hearing.  *Id*. at 763-66.  While noting a preference for live testimony, the

court determined that unreliable hearsay "may not be the sole basis for revocation of

probation."  *Id*. at 765 (emphasis added).  The second ruling of interest was to note that

Mr. Nelson had not objected to the "procedures used by the State" and, indeed, had used

hearsay himself.  *Id*. at 766.  Thus, he also had waived his right to confrontation and

cross-examination.  *Id*.

The majority pooh-poohs *Nelson* as merely a waiver case.  (Majority opinion at 9-

10.)  This ignores the bulk of the *Nelson* analysis on the requisites of an evidentiary

hearing. The court extensively analyzed the use of hearsay at an evidentiary hearing, including a more thorough analysis of *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972), than the majority does here. *See Nelson*, 103 Wn.2d at 763-64. Our court concluded that *Gagnon* and *Morrissey*, as well as most cases that analyzed those decisions, allowed the use of hearsay at a revocation hearing. *Id*. at 764. Thus, the majority's stated preference (at 11-12) for making the prosecutor bring in live testimony is in direct conflict with *Nelson* and its interpretation of what the United States Supreme Court requires in this instance. It also is in direct contrast to the *Nelson* waiver discussion, which should be controlling here.[3]

Even more importantly, it is in direct contrast with the defense approach to the revocation hearing in this case. Knowing that the prosecutor intended to establish a breach of the plea agreement, the defense filed a brief arguing that no weight should be given to the evidence supporting the arrest of Mr. Townsend on the new robbery and theft

---

[3] It appears that the due process requirements for revoking probation are more significant than those imposed by *James* for relieving a prosecutor of her plea bargain, making the majority's reading of *Gagnon* and *Morrissey* even more problematic. *Compare, In re Boone*, 103 Wn.2d 224, 231, 691 P.2d 964 (1984) (plurality opinion discussing requirements of *Scarpelli* and *Morrissey*) with *James*, 96 Wn.2d at 850 (requirements of due process in plea bargain context). This is not surprising since the direct consequence of a probation revocation typically is a return to incarceration, while the direct consequence of the "revocation" of a plea bargain sentencing recommendation means a contested sentencing hearing before a judge who must still exercise her sentencing discretion.

charges. CP at 36-37. He argued there, as he does in this appeal, that due process required proof that he had been convicted of the new offense or that the State's evidence did not arise to proof beyond a reasonable doubt. RP at 23-25; CP at 36-37.[4] The defense was satisfied at merely taking potshots at the State's meager offer of proof rather than put on any witnesses or object to the State's failure to call one or both of the detectives who put the new case together. The defense did not ask to do more.

This approach was quite understandable. Most defendants charged with new offenses do not want to take the stand and testify under oath about a pending matter. Similarly, Mr. Townsend did not offer an affidavit that might be used against him at a future trial. He could not call his co-defendants in light of their Fifth Amendment privilege not to testify. He, quite reasonably, would not want to call either of the detectives who had interviewed him[5] about the new offenses to appear and supplement the affidavit filed by the prosecutor. For the same reason, he would not object to the prosecutor's use of that affidavit in lieu of calling the witness since it is an inherently weaker form of proof. A live witness could respond to ambiguities in the affidavit and recite the defendant's actual statements rather than the summary contained in the affidavit.

---

[4] The majority (at 11-12) correctly rejects this argument per *James*.

[5] Trial counsel's presence at the interview also put the defense in an excellent position to determine if testimony from either of the detectives or the defendant would be useful at the hearing.

For all of these reasons, the defense understandably proceeded as it did. Indeed, Mr. Townsend does not claim on appeal that his trial counsel performed ineffectively by failing in any of these regards. Instead, he claims that by arguing the sufficiency of the evidence at the hearing and then, by maintaining his innocence later at the sentencing hearing, he somehow requested a hearing with live testimony.[6] Inexplicably, the majority agrees.

Ultimately, the majority's error in treating the requirement of an evidentiary hearing as one that mandates live testimony results from failing to apply *Nelson*. The requirements of due process in the form of the hearing are those that the defense wants. If the defense wants live testimony from the prosecution, it can demand it. If the defense wants to present evidence, it offers the evidence at the hearing—whether in the form of live testimony or by documentation. That is what the defendant did in *Nelson* and what Mr. Townsend could have—if he desired—done here. He did not. And that brings us to the other lesson of *Nelson*. If the defense does not object to the process, it waives the opportunity and cannot complain on appeal about the path that was not followed. Mr. Townsend did not object and, therefore, cannot do so now.

---

[6] Mr. Townsend undoubtedly regrets that request now that he has entered guilty pleas to second degree robbery and second degree identity theft arising from the new incident. *See* Spokane County Superior Court cause no. 16-1-04538-4.

No. 34984-5-III
*State v. Townsend*

The court held the hearing that the prosecutor noted. Upon proving the defendant's breach of the plea agreement, the court proceeded to sentencing and the parties presented the sentencing recommendation that they had agreed on in the event Mr. Townsend violated the agreement. The trial court accepted the recommendation. There was no due process violation.

The trial court should be affirmed.

Korsmo, J.

9